Douglas C. **COEN** and Robert Page, individually and as officers of the Invisible Empire, Knights of the Ku Klux Klan, Mississippi Gulf Coast Chapter; and the Invisible Empire, Knights of the Ku Klux Klan, Mississippi Gulf Coast Chapter, Plaintiffs-Appellants,

v.

The **HARRISON COUNTY SCHOOL BOARD et al.,** Defendants-Appellees.

No. 79–3970.

United States Court of Appeals, Fifth Circuit. Unit A

Feb. 23, 1981.

Rehearing and Rehearing En Banc Denied April 7, 1981.

Robert J. LaBine, Cooperating Att'y for the American Civil Liberties Union, Long Beach, N.Y., Joseph Edward Guarino, Brooklyn, N.Y., for plaintiffs-appellants.

Boyce Holleman, Ben R. Galloway, Gulfport, Miss., for defendants-appellees.

Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

The plaintiffs in this civil rights case appeal from a grant of one hundred dollars in attorney's fees, contending that the amount is too low. We affirm.

The plaintiffs are a unit of the Ku Klux Klan and two of its officers. In 1977 and 1978 they requested permission from the School Board of Harrison County, Mississippi, to hold an "Americanism Rally" at the ballpark facilities of Saucier Elementary School in Saucier, Mississippi. The School Board denied their requests.

The plaintiffs filed this suit under 42 U.S.C. § 1983 (1976), alleging deprivations of their first and fourteenth amendment rights and demanding declaratory and injunctive relief. After trial but before judgment, the trial judge suggested that the plaintiffs should make a new application including assurances that they would post a bond for costs and property damage and would not burn crosses, carry firearms, or wear hooded robes. The plaintiffs did so, and the School Board granted permission for the rally. The rally was held on September 16, 1978 without violence or disturbance. Accordingly, the district court never issued a judgment on the merits.

The plaintiffs moved for allowance of attorney's fees of $8,192.36 under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976). Under that statute, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust. E.g., Iranian Students Ass'n v. Edwards, 5 Cir. 1979, 604 F.2d 352; Criterion Club v. Board of Commissioners, 5 Cir. 1979, 594 F.2d 118 (per curiam); Morrow v. Dillard, 5 Cir. 1978, 580 F.2d 1284; Brown v. Culpepper, 5 Cir. 1977, 559 F.2d 274. The district court found that the plaintiffs were "technically" prevailing parties, but it nevertheless granted only a nominal fee. The court noted that it had issued no order granting relief to the plaintiffs. Further, the Board had objected to the rally on precisely those points on which the plaintiffs gave adequate assurances before they were permitted to hold the rally: firearms, hoods, burning crosses, and security for damage. This, the court reasoned, amounted to "special circumstances" warranting denial of any higher amount.

█ It is undisputed that a plaintiff need not obtain formal relief in adversary proceedings to be a prevailing party for purposes of § 1988; it is enough that his suit has served to vindicate his rights, whether by court decision, consent judgment, or voluntary compliance by the defendant after the filing of the suit. The proper focus is on whether the plaintiff has succeeded on the central issue, as exhibited by the fact that he has obtained the primary relief sought. Iranian Students Ass'n, 604 F.2d at 353; Criterion Club, 594 F.2d at 120; Brown, 559 F.2d at 277; Hanrahan v. Hampton, 1980, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670, 674; Robinson v. Kimbrough, 5 Cir. 1980, 620 F.2d 468, 475–76; S.Rep.No.1011, 94th Cong., 2d Sess. 5, reprinted in [1976] U.S. Code Cong. & Ad.News 5908, 5912. To recover an attorney's fee, however, it is not sufficient the plaintiff has obtained what he asked for; it is also necessary that his suit be, if not the sole reason for his success, at least a major factor in bringing it about. A civil rights plaintiff may not collect attorney's fees for demanding that a state officer do what he would have done in any case. See also Criterion Club, 594 F.2d at 120; Ward v. Deerman, 5 Cir. 1980, 626 F.2d 489, 492 (per curiam).

█ In this light, it appears that the district court erred, if at all, only in its terminology. The court found that the School Board rejected the plaintiffs' initial requests because of its concern that Klan members would carry guns, wear hoods, and burn crosses at the planned rally (as they had done at previous rallies). This finding is not clearly erroneous, and we accept it. When the Klan assured the Board that there would be no guns, hoods, or crosses, the Board gave permission for the rally. Thus, although the district court stated in its judgment that the plaintiffs had "technically" prevailed, it ultimately rested its decision on the "special circumstance" that it was the plaintiffs, not the defendants, who acceded to the other parties' terms. "The use of the school ground premises was actually obtained ... on a proper application which assured protection of the school ground properties and a minimum interference with the educational processes being conducted in said facilities." In the context of § 1988 there is no such thing as a "technically prevailing plaintiff"; the issue of who has prevailed is a realistic judgment, not a technical one. As a realistic matter, the plaintiffs have not gained

anything from this suit that they could not have obtained without litigation.[1] Therefore, they did not prevail within the meaning of § 1988.[2]

The district court could justifiably have denied the plaintiffs any attorney's fees at all. It follows a fortiori that it did not abuse its discretion, as far as the plaintiffs are concerned, in granting only a nominal sum. The defendants have not appealed from the grant of one hundred dollars, so we decline to disturb it.

AFFIRMED.

---

1. This is a statement about the actual result of the dispute, not about the relevant law. We express no opinion as to whether the plaintiffs would have been entitled to hold their rally without giving assurances, nor as to whether the Board could rightfully have withheld permission even after receiving assurances.

2. Whether the plaintiffs have prevailed is a matter of so-called ultimate fact—"simply the result reached by processes of legal reasoning from, or the interpretation of the legal significance of, the evidentiary facts" or the subsidiary facts as found by the district court. Hence, we are not bound by the "clearly erroneous" standard of review on that point. *E.g., Galena Oaks Corp. v. Scofield*, 5 Cir. 1954, 218 F.2d 217, 219; *Skou v. United States*, 5 Cir. 1976, 526 F.2d 293, 295; *Borg-Warner Acceptance Corp. v. Fedders Financial Corp. (In re Hammons)*, 5 Cir. 1980, 614 F.2d 399, 403.