Jane DOE, individually and on behalf of others similarly situated, Jacob D. Adams, M.D., et al., Plaintiffs-Appellees,

v.

George D. BUSBEE, etc., et al., Defendants-Appellants.

No. 81-7017.

United States Court of Appeals, Eleventh Circuit.

Sept. 7, 1982.

Stephanie B. Manis, Asst. Atty. Gen., Atlanta, Ga., for defendants-appellants.

Elizabeth J. Appley, Margie Pitts Hames, Atlanta, Ga., for plaintiffs-appellees.

Before INGRAHAM *, HATCHETT and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

Appellants George D. Busbee, et al. bring this appeal from an award of attorney's fees to appellees Jane Doe, et al. under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C.A. § 1988 (West 1981). Appellees were originally successful in obtaining injunctive and declaratory relief in the district court. While the case was on appeal, the Supreme Court of the United States handed down two opinions that effectively rejected the position that the appellees had successfully advanced in the district court. The district court awarded attorney's fees to the appellees after the two controlling Supreme Court decisions. Upon remand from the court of appeals, the district court vacated its prior judgment granting injunctive and declaratory relief to appellees, dismissed their complaint, taxed costs against the appellees, but refused to withdraw its award of attorney's fees. The issue before us is whether the appellees are "prevailing parties" within the meaning

of § 1988 and thereby entitled to attorney's fees. We conclude that they are not prevailing parties, and accordingly we reverse the award of attorney's fees entered by the district court.

## I. FACTS

The relevant facts are not in dispute. On May 8, 1979, the appellees filed a class action under 42 U.S.C.A. § 1983 seeking declaratory judgment that the rules governing the administration of the Medicaid program in Georgia, which limited state funding of abortions to those funded under the Hyde Amendment, were invalid under the Medicaid Act and the United States Constitution. The complaint also sought injunctive relief. The following day, appellees argued a motion for a temporary restraining order before the district court. The court declined to enter a temporary restraining order, but received the consent of counsel for the appellants that the State would provide reimbursement for an abortion performed upon appellee Jane Doe prior to a hearing on a preliminary injunction if the district court were to award the preliminary injunction in favor of appellees at a subsequent date. After a hearing on the issue, the court, after concluding that Georgia law did not prohibit expenditure of Medicaid funds for abortions in cases where matching federal funds were not available, granted appellees' motion for a preliminary injunction enjoining appellants from refusing to provide Medicaid reimbursement for abortions for the named female appellees. *Doe v. Busbee,* 471 F.Supp. 1326 (N.D. Ga.1979). The district court subsequently certified the case as a class action.

On December 12, 1979, the district court awarded summary judgment in favor of the appellees and entered both declaratory relief and a permanent injunction requiring appellants to provide Medicaid reimbursement for all medically necessary abortions for eligible women in Georgia. During the time this injunction was in effect, approximately 1800 women received abortions funded by Medicaid in Georgia. Appellants

* Honorable Joe Ingraham, U. S. Circuit Judge for the Fifth Circuit, sitting by designation.

appealed from this judgment to the Fifth Circuit. On January 14, 1980, appellees filed a motion to recover attorney's fees, but before the district court ruled on the motion, the Supreme Court of the United States on June 30, 1980, decided *Harris v. McRae*, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980), and *Williams v. Zbaraz*, 448 U.S. 358, 100 S.Ct. 2694, 65 L.Ed.2d 831 (1980). These cases substantially undercut the rationale of the district court in entering judgment for plaintiffs. The appellants thereafter filed a motion under Fed.R. Civ.P. 60(b) for vacation and relief from the district court's final judgment issued in December, 1979. On October 7, 1980, the district court entered an order to the effect that should the Fifth Circuit remand the case to the district court, appellants would be entitled to relief under Rule 60(b).

On December 8, 1980, the district court entered an order awarding plaintiffs attorneys fees in the amount of $30,322.50. The district court indicated in its order that, because its ruling on the summary judgment motion was on appeal, the district court was without power to declare a new prevailing party. Furthermore, the court pointed to the abortions obtained under the preliminary and permanent injunctions and the declaratory judgment to indicate that notwithstanding the effect of *McRae* and *Zbaraz* on this litigation, appellees may still have obtained substantial relief. The dis-

trict court required appellees to post bond to ensure repayment of the attorney's fees in the event that the award was reversed on appeal. A timely notice of appeal was filed from the entry of the attorney's fee award.

On December 16, 1980, the Fifth Circuit remanded to the district court the appeal with respect to the December 1979 final judgment. On January 13, 1981, the district court vacated the December 1979 final judgment in light of *McRae* and *Zbaraz*, and dismissed appellees' complaint. Subsequently, the district court taxed costs against the appellees. However, the district court refused to vacate its prior award of attorney's fees to appellees.

## II. PREVAILING PARTY?

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988 (West 1981),[1] authorizes district courts to award attorney's fees to prevailing parties in actions brought under certain civil rights statutes. Although the decision to award attorney's fees under § 1988 is within the discretion of the district court, attorney's fees generally should be awarded to prevailing plaintiffs absent special circumstances, *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 339 (5th Cir. 1981)[2]; *Taylor v. Sterrett*, 640 F.2d 663, 668 (5th Cir. 1981); S.Rep.No.94–1011, 94th Cong., 2d Sess., 4, Reprinted in [1976] U.S. Code Cong. & Adm.News 5908, 5912, but

1. Section 1988 provides:
   The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a

criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209. Although *Deerfield* is a post-September 30, 1981, decision of a Unit B panel of the former Fifth Circuit, this court "regards the decision as binding precedent . . . ." *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

fees may be awarded to prevailing defendants only where the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (reaching same conclusion under Title VII attorney's fees provision)). *See Gresham Park Community Organization v. Howell*, 652 F.2d 1227, 1248 (5th Cir. 1981). The specific issue presented in this case is whether plaintiffs are entitled to an award of attorney's fees under § 1988 when the district court originally grants a final judgment in their favor, but upon reconsideration dismisses their complaint on the merits, so that plaintiffs ultimately do not prevail on any legal issue. To answer this question, we must evaluate the meaning of the term "prevailing party" as used in § 1988 in light of the purpose of the attorney's fees awards act.

▮ The congressional purpose in authorizing awards of attorney's fees to plaintiffs as prevailing parties was to assist private attorneys general in vindicating civil rights. Recognizing that the expense of litigating a civil rights suit would often prevent individuals from seeking to enforce their rights, Congress decided that those who violate the civil rights laws, not the victims of those violations, should bear the costs of vindicating the civil rights. As the legislative history to the Civil Rights Attorney's Fees Award Act indicates:

In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their rights, and if those who *violate* the nations fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to *vindicate* these rights in court.

S.Rep.No.94–1011, 94th Cong., 2d Sess., 2, reprinted in [1976] U.S.Code Cong. & Adm. News 5910 (emphasis added). This important public interest in assuring that individuals would not be deterred from exposing violations of their civil rights, in Congress' view, was sufficient to justify departing from the normal practice in American courts of having each party bear the expense of his own attorney in favor of a rule that the party violating the civil rights laws should be responsible for the legal fees required to vindicate those rights. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. at 418, 98 S.Ct. at 698; *Hanrahan v. Hampton*, 446 U.S. 754, 758 & n.4, 100 S.Ct. 1987, 1989 & n.4, 64 L.Ed.2d 670 (1980). The vehicle by which Congress chose to implement this policy was the concept of the "prevailing party."

▮ To be a "prevailing party," it is not necessary for a plaintiff ultimately to prevail on each and every claim asserted or to receive all the relief requested. As the legislative history notes, "parties may be considered to have prevailed when they *vindicate* rights through a consent judgment or without formally obtaining relief." S.Rep. No.94–1011, at 5 (emphasis added). *See* H.Rep.No.94–1158, 94th Cong., 2d Sess., at 7; *Hanrahan v. Hampton*, 446 U.S. at 756–57, 100 S.Ct. at 1988–1989. For example, a party may be considered to be "prevailing" if the litigation successfully terminates by a consent decree, an out-of-court settlement, a voluntary cessation of the unlawful practice by the defendant, or other mooting of the case where the plaintiff has vindicated his right. A party may also be awarded attorney's fees as a prevailing party at an interlocutory stage of the proceedings. *Hanrahan v. Hampton*, 446 U.S. at 757, 100 S.Ct. at 1989; *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d at 339.

Courts have described the nature of the success that a plaintiff must demonstrate in order to "prevail" in a number of ways. For example, a line of Fifth Circuit cases has enunciated a test that a party has prevailed when he "has succeeded on the central issue, as exhibited by the fact that he has obtained the primary relief sought." *Taylor v. Sterrett*, 640 F.2d 663, 669 (5th Cir. 1981); *Coen v. Harrison County School Board*, 638 F.2d 24, 26 (5th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982); *Iranian Students Asso-*

**1380**

*ciation v. Edwards*, 604 F.2d 352, 353 (5th Cir. 1980). *Criterion Club v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir. 1979). Other cases have stated that parties are prevailing if "their lawsuit was a significant catalytic factor in achieving the primary relief sought through litigation despite failure to obtain formal judicial relief." *Iranian Students Association v. Sawyer*, 639 F.2d 1160, 1163 (5th Cir. 1981), or "if their lawsuit is a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." *Robinson v. Kimbrough*, 652 F.2d 458, 466 (5th Cir. 1981). Recently, the Supreme Court has spoken on the issue of when an interlocutory award of attorney's fees would be proper, stating that a party must "establish his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Hanrahan v. Hampton*, 446 U.S. at 757, 100 S.Ct. at 1989.

■ However, it is clear that a plaintiff may not claim status as a "prevailing party" by virtue of any success during the course of a civil rights case. As the Supreme Court made clear in *Hanrahan*, mere procedural victories are insufficient to justify the award of attorney's fees. The Court noted that "Congress intended to permit interim awards of attorney's fees only when a party has prevailed *on the merits* of at least some of his claims." 446 U.S. at 757–58, 100 S.Ct. at 1989 (emphasis added). Additionally, where the civil rights suit merely demands a state officer to do what he would have done in any case, or where the *plaintiffs* accede to the demands of the defendants and thereby drop the suit, attorney's fees may not be awarded to plaintiffs as "prevailing parties." *Coen v. Harrison County School Board*, 638 F.2d at 26. Victories of the type described in *Hanrahan* and *Coen* do not qualify a plaintiff for prevailing party status because such victories do not represent a vindication of some

of the civil rights of the plaintiff against a violator of those rights.

■ Moreover, several courts have concluded that where a plaintiff receives a favorable ruling on the merits of his claim, but that ruling is later vacated or reversed on the merits, the plaintiff is not entitled to attorney's fees as a prevailing party. In *Harris v. Pirch*, 677 F.2d 681 (8th Cir. 1982), a jury returned a verdict for plaintiffs on a § 1983 claim against a sheriff and deputy regarding plaintiff's involuntary commitment. The district court entered judgment finding defendants liable for actual and punitive damages, and awarded the plaintiff attorney's fees. On appeal, the Eighth Circuit found that there was insufficient evidence to support the jury verdict, and therefore reversed the judgment. In light of this reversal of the entire judgment in the plaintiff's favor, the court concluded that plaintiff was not a prevailing party under § 1988, and accordingly reversed the award of attorney's fees. *Id.* at 689. Similarly, in *Harrington v. Vandalia-Butler Board of Education*, 585 F.2d 192 (6th Cir. 1978), *cert. denied*, 441 U.S. 932, 99 S.Ct. 2053, 60 L.Ed.2d 660 (1979), the plaintiff succeeded in obtaining a favorable final judgment on the merits of her Title VII claim, and received a damage award and an award of attorney's fees under the analogous attorney's fees provision of Title VII, 42 U.S.C.A. § 2000e–5(k) (West 1981).[3] On appeal, the Sixth Circuit agreed that the plaintiff had been discriminated against with respect to working conditions, but reversed the judgment, holding that she was not entitled to back pay, reinstatement or injunctive relief because she had not shown that she was "constructively discharged or that she was discriminated against in the salary she received." *Id.* at 197. The court concluded that despite the plaintiff's success in obtaining a judicial determination that she had been the victim of discrimina-

---

**3.** Although the Title VII attorney's fees provision and § 1988 are separate and distinct statutory bases for awards of attorney's fees, both employ the "prevailing party" concept and both have received similar construction. *See Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173,

178, 66 L.Ed.2d 163 (1980); *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 545 (5th Cir. 1978).

tion in conditions of employment, she was not a prevailing party because she had not established that she was entitled to some form of relief on the merits. *Id.*

Other cases have also held that plaintiffs who have obtained a preliminary injunction but ultimately do not succeed on the merits may not be considered prevailing parties. In *Smith v. University of North Carolina*, 632 F.2d 316 (4th Cir. 1980), the district court entered a preliminary injunction in favor of an assistant professor who had made claims of age, sex and religious discrimination against a state university, but ultimately lost on the merits of each of her claims. Nonetheless, the district court awarded her attorney's fees because she had prevailed by obtaining a preliminary injunction. After an extensive discussion of the concept of prevailing party, the Fourth Circuit reversed the award of attorney's fees, holding that a party must prevail on the merits of at least some claims in order to be a prevailing party. *Id.* at 352. The court concluded that the injunctive relief obtained was insufficient to establish that the plaintiff had prevailed, because the plaintiff was ultimately unsuccessful on the merits of each and every claim. Similarly, in *Doe v. Mundy*, 441 F.Supp. 447 (E.D.Wis. 1977), the district court originally entered a preliminary injunction to allow members of the plaintiff class to obtain abortions at the Milwaukee County General Hospital, and that decision was affirmed on appeal. While the case was pending in the district court, the Supreme Court decided *Beal v. Doe*, 432 U.S. 438, 97 S.Ct. 2366, 53 L.Ed.2d 464 (1977), *Maher v. Roe*, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977), and *Poelker v. Doe*, 432 U.S. 519, 97 S.Ct. 2391, 53 L.Ed.2d 528 (1977). Based on these opinions, the district court dissolved the injunction and dismissed the complaint. Notwithstanding the fact that abortions were obtained under the injunction, the court refused to award plaintiffs attorney's fees because they had not ultimately prevailed on the merits.

■ The cases discussed above demonstrate that, in order to be a prevailing party, a plaintiff must achieve significant relief to which he was entitled under the civil rights laws through his success on the merits, favorable settlement, or voluntary actions by the defendants. As noted in *Hanrahan*, awards of attorney's fees are "especially appropriate where a party has prevailed on an important matter in the course of the litigation, even when he ultimately does not prevail on *all* issues." 446 U.S. at 757, 100 S.Ct. at 1989, *quoting* S.Rep.No.94–1011, at 5 (emphasis by the Court). However, consistent with the policy underlying § 1988, the plaintiff must in some way vindicate a civil right at issue in the litigation against the violator of that civil right in order to be considered a "prevailing party."

■ In the instant case, the plaintiff did achieve substantial victories in the district court; the plaintiffs were successful in obtaining a preliminary injunction, a permanent injunction, and declaratory relief. It is undisputed that over 1800 women, including the two named plaintiffs, received medicaid reimbursed abortions under these injunctions. However, at the time that the district court awarded attorney's fees to plaintiffs, the Supreme Court had already handed down decisions that undercut the legal reasoning employed by the district court in issuing those injunctions. *See Harris v. McRae*, 448 U.S. 297, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980) and *Williams v. Zbaraz*, 448 U.S. 358, 100 S.Ct. 2694, 65 L.Ed.2d 831 (1980). The district court, in its October order, recognized that *McRae* and *Zbaraz* would entitle the State of Georgia to relief from judgment. After the case was remanded by the Fifth Circuit, the district court vacated the previous final judgment and dismissed the complaint. Therefore, the plaintiffs ultimately did not prevail on a single legal issue in the case.

In view of the purpose behind the Attorney's Fees Award Act, we conclude that plaintiffs-appellees are not prevailing parties in this litigation. Their successes were merely temporary, and any benefit flowing from their successes in the district court was awarded under a mistake of law. The Supreme Court opinions in *McRae* and *Zbaraz* clearly reflect that the State of Georgia had never been in violation of the

law. The method of state financing of abortions under the medicaid program employed in Georgia did not violate the civil rights of members of the plaintiff class; accordingly, the district court corrected its prior error by vacating the final judgment and dismissing the complaint. Under these circumstances, where plaintiffs have failed to vindicate any allegedly transgressed civil right against an alleged violator of those civil rights, we cannot conclude that they are "prevailing parties."

Plaintiffs argue that the abortions received under the injunctions issued by the district court are evidence that they were successful in achieving the primary relief sought by bringing the litigation.[4] However, as we have indicated above, these benefits flowed from orders of the district court that were entered under a mistake of law. *McRae* and *Zbaraz* indicate that neither the Medicaid statute nor the Constitution prohibited the State of Georgia from administering its medicaid program with respect to abortions in the manner challenged. The district court was in error in entering the injunctions on the theory that the civil rights of the plaintiff class were being violated, and the district court itself corrected this error by vacating judgment and dismissing the complaint. Under these circumstances, plaintiffs may not properly be considered to have vindicated a civil right as contemplated by Congress in § 1988, since in fact they had no right to the relief sought and obtained. We therefore conclude that they are not prevailing parties.

Two recent Fifth Circuit cases, *United States v. Terminal Transport Co.*, 653 F.2d 1016 (5th Cir. 1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 1613, 71 L.Ed.2d 849 (1982), and *Deerfield Medical Center v. City of Deerfield Beach,* 661 F.2d 328 (5th Cir. 1981), do not require a contrary result. In

*Terminal Transport,* a union and a company were sued for various violations of Title VII. The district court entered an order that both the union and the company had violated Title VII and ordered relief against both. Subsequently, the Supreme Court decided *Teamsters v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977), which held that a neutral, legitimate seniority system does not violate Title VII simply because it perpetuates pre-Act discrimination. *Id.* at 353–54, 97 S.Ct. at 1863–1864. In light of this decision, the district court modified its previous order to reflect that the union had not violated Title VII because its seniority system was *bona fide.* *United States v. Terminal Transport Co.,* 653 F.2d at 1018. However, the unions were retained in the case under Rule 19(a), Fed.R. Civ.P., as indispensable parties. The unions continued to participate in the litigation, often raising issues that were in the interest of only the company. Upon plaintiff's motion for attorney's fees, the district court awarded fees against both the company and the union, and the Fifth Circuit affirmed.

It is clear from the Fifth Circuit opinion in *Terminal Transport* that the award of attorney's fees against the union, who had ultimately been vindicated of any violation of Title VII, was based not on any violation of Title VII perpetrated by the union, but on the fact that they had participated in the litigation as Rule 19(a) parties and had exerted significant efforts during the litigation and accompanying negotiations that were identified with the company's interest. To the extent that they contributed to the difficulty and expense of vindicating plaintiff's valid Title VII claims against the company, they were taxed with a portion of the attorney's fees award. *Terminal Transport* is clearly distinguishable from the case at bar, in that here plaintiffs-appellees did not advance a valid civil rights claim whose

---

4. Plaintiffs also argue the declaration originally obtained in the district court to the effect that Georgia law does not prohibit funding of medically necessary abortions absent matching federal funding is a significant and enduring benefit. We find no merit in this argument. In the September 27, 1980, hearing on the State's Rule 60(b) motion, counsel for plaintiffs specifically argued that the district court should preserve this declaratory relief even if Rule 60(b) relief were granted. Record, vol. 3, at 19–20. Nonetheless, the district court vacated its prior judgment and dismissed the complaint in total. Therefore, the declaratory relief originally entered has no present legal effect and cannot support an award of attorney's fees.

prosecution was made more difficult by a third-party allied with the civil rights violator. Here the plaintiffs-appellees were not ultimately successful in demonstrating that any of their civil rights had been violated, and the state's defense efforts were not those of a party assisting in the defense of a civil rights violator.

Second, in *Deerfield Medical Center v. City of Deerfield Beach, supra,* the former Fifth Circuit reversed the denial of a preliminary injunction and awarded interim attorney's fees to the plaintiffs there as prevailing parties. In that case, the court justified its holding that plaintiffs were prevailing parties on the ground that "the preliminary injunction allows plaintiffs to begin operation of their abortion clinic, and thus they have at least partially achieved the result sought in filing this action." We do not read this language in *Deerfield Medical Center* to reflect a departure from prior Fifth Circuit precedent. In *Deerfield Medical Center,* the plaintiff's primary purpose in instituting suit was to remove the impediments to their opening of the abortion clinics in question. The Fifth Circuit opinion indicated that, as a matter of law, plaintiffs were entitled to open their abortion clinics, at least pending trial. Thus, at that stage in the litigation, it is clear that plaintiffs were prevailing parties. However, in this case, plaintiffs have not ultimately prevailed on any legal issue, and any relief entered by the district court was awarded under a mistake of law. Because at no time were the civil rights of the plaintiffs being violated, and because the district court ultimately vacated judgment for the plaintiffs and dismissed their complaint, we do not believe that the fact that abortions were performed under these erroneously entered injunctions is sufficient justification to allow an award of attorney's fees against the State of Georgia to stand. Accordingly, the award of attorney's fees entered by the district court must be reversed.

REVERSED.