719 F.2d 1536
 B & J MUSIC, INC., and H. Dyke N. Spear, Jr., d/b/a Broadway
Productions, Plaintiffs-Appellants,
v.
Hinson McAULIFFE, Defendant-Appellee.
STATE OF GEORGIA, ex rel., Lewis R. SLATON and Hinson
McAuliffe, Plaintiffs-Appellees,
v.
H. Dyke N. SPEAR, Jr. and Broadway Productions, Defendants-Appellants.
 Nos. 83-8259, 83-8286
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 21, 1983.
 William N. Withrow, Jr., Atlanta, Ga., for plaintiffs-appellants in No. 83-8259 and for plaintiffs-appellees in No. 83-8286.
 George M. Weaver, Atlanta, Ga., for defendant-appellee in No. 83-8259 and for defendants-appellants in No. 83-8286.
 Appeals from the United States District Court For the Northern District of Georgia.
 Before HILL, JOHNSON and HENDERSON, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 The above-referenced appeals, having been consolidated in this court pursuant to F.R.A.P. 27 and Eleventh Circuit Rule 17(c)(9), involve a consolidated order entered in March 1983 in the cases by the United States District Court for the Northern District of Georgia. The order appealed from denies appellants' application, filed in both cases, for attorney's fees pursuant to 42 U.S.C.A. Sec. 1988.
 
 
 2
 In April 1982, B. & J. Music, Inc., and H. Dyke N. Spear, Jr. d/b/a Broadway Productions, filed an action in the United States District Court for the Northern District of Georgia, Atlanta Division. This action sought declaratory and injunctive relief preventing Hinson McAuliffe, Solicitor General of the State Court of Fulton County, from making any arrests or taking any actions to enforce any criminal laws of the State of Georgia with respect to performances of the theatrical production "Oh! Calcutta!" At a hearing held on the motion for temporary restraining order Solicitor McAuliffe agreed not to make any arrest for performances in the play. Consequently, the motion for temporary restraining order was denied as moot and ruling upon the declaratory relief requested was deferred. However, Solicitor McAuliffe advised the district court that he would instead file a civil action seeking to have the play enjoined as a public nuisance under the laws of the State of Georgia.[1] Later that same day, the suit was filed in the Superior Court of Fulton County seeking to have the play declared obscene and enjoined as a public nuisance.
 
 
 3
 This public nuisance action was removed to federal court in April 1982. At a hearing on the motion the district court denied McAuliffe's motion to remand the action to state court, finding that the producers had properly removed the case to federal court. The district court further denied McAuliffe's motion for a temporary restraining order to enjoin further performances of the play on the grounds that the government had failed to demonstrate a substantial likelihood of success on the merits and that the public interest would best be served by permitting the play to be performed as scheduled. An order was entered accordingly. The 1982 Atlanta performances of "Oh! Calcutta!" were completed without incident.
 
 
 4
 In May 1982, the producers filed an amendment to their complaint in the federal injunction action alleging a claim for damages under 42 U.S.C.A. Sec. 1983. On the same day the producers filed an answer and counterclaim in the public nuisance action. The counterclaim alleged the same violations of the First and Fourteenth Amendments and the 42 U.S.C.A. Sec. 1983 claims that formed the basis for the producers' federal injunction action. Solicitor General McAuliffe subsequently moved to dismiss the producers' complaint in the federal injunction action and, also, to dismiss the producers' counterclaim in the public nuisance action. However, these motions were never ruled upon by the district court inasmuch as the parties agreed in open court in October 1982 to a voluntary dismissal of the complaint in the federal injunction action and the complaint and counterclaim in the public nuisance action.
 
 
 5
 In October 1982, the producers filed their motion for award of attorney's fees and taxing of costs in both actions, pursuant to 42 U.S.C.A. Sec. 1988. The district court entered an order denying the motions. These appeals ensued.
 
 
 6
 Section 1988 provides that "in any action or proceeding to enforce a provision of Secs. 1981, 1982, 1983, 1985, and 1986 of [Title 42] ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the cost." While the district court has discretion in determining whether a party should receive a fee award, the general rule is that attorney's fees should be awarded to prevailing parties absent special circumstances. Doe v. Busbee, 684 F.2d 1375, 1378 (11th Cir.1982); Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328, 339 (5th Cir. Unit B 1981).[2] Fees are typically awarded to prevailing defendants, however, only if they can demonstrate that the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980), quoting Christiansburg Garment Company v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The issue presented then in this case is whether the producers are "prevailing parties" within the meaning of Section 1988 and are thereby entitled to the award of attorney's fees and costs that they seek.
 
 
 7
 The term "prevailing party" is a flexible one that is dependent on the relief sought and actually obtained in a particular case. The general guidelines for determining whether plaintiff has "prevailed" are well settled. It is not necessary that a plaintiff be successful in each and every claim asserted, or that the plaintiff have obtained all the relief requested. Doe v. Busbee, supra, 684 F.2d at 1379. "For example, a party may be considered to be 'prevailing' if the litigation successfully terminates by a consent decree, an out-of-court settlement, a voluntary accessation of the unlawful practice by the defendant, or other mooting of the case where the plaintiff has vindicated his right." Id. The producers acknowledge that they were never granted any formal relief by the district court. They nonetheless contend that they "prevailed" in this matter, because the Atlanta performances of "Oh! Calcutta!" in April 1982 were not disturbed or interrupted by Solicitor McAuliffe seeking to criminally enforce the Georgia public indecency and nuisance statutes. As the district court observed, while not disagreeing with the producers' factual assertion that Solicitor McAuliffe did not arrest or prosecute anyone in connection with the "Oh! Calcutta!" performances in question, that court was compelled to reject the producers' ultimate conclusion that they are entitled to attorney's fees and costs based on the events that occurred or did not occur in April 1982. We agree with the district court that the producers' theory is flawed. Although both the producers' original complaint and their counterclaim in the McAuliffe lawsuit were premised upon alleged violations of 42 U.S.C.A. Sec. 1983 and the First Amendment, the producers did not actually "achieve significant relief to which [they were] entitled under the civil rights laws," and did not "vindicate a civil right at issue in the litigation." Doe v. Busbee, supra at 1381. In fact, at no time during the pendency of these cases in the district court did the producers achieve any relief under existing civil rights laws. The producers' own request for injunctive and declaratory relief were denied, and no determination, judicial or otherwise, was ever made regarding the producers' Section 1983 counterclaim to McAuliffe's later motion for declaratory and injunctive relief. Even if the fact that "Oh! Calcutta!" played for several nights in Atlanta could be considered a victory for the producers and a loss for McAuliffe, attorney's fees still cannot be awarded the producers merely because they ultimately achieved what they considered the desired result. As a matter of fact, the particular relief the producers sought was completely denied. The mere presence of potential "civil rights issues" in a case does not mandate the characterization of a case as one which vindicates civil rights. Here there was at no time a judicial determination of the "substantial rights of the parties." Hanrahan v. Hampton, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980).
 
 
 8
 This Court is aware that a party may be deemed "prevailing" if " 'their lawsuit was a significant, catalytic factor in achieving the primary relief sought through litigation despite failure to obtain formal judicial relief,' " Iranian Students Association v. Sawyer, 639 F.2d 1160, 1163 (5th Cir.1981) quoting Robinson v. Kimbrough, 652 F.2d 458, 478 (5th Cir.1981), or "if their lawsuit is a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." Robinson v. Kimbrough, supra at 466. Here, however, as the district court found, there was no evidence that either the producers' initial lawsuit or their later counterclaim had any bearing whatsoever on any actions taken by Solicitor McAuliffe. It is significant that Solicitor McAuliffe testified that he never had any intentions of arresting anyone in connection with the performances of "Oh! Calcutta!" in 1982; and for that reason, the finding of the district court that the producers' motion to restrain McAuliffe from arresting anyone did not have any effect is not clearly erroneous. "A civil rights plaintiff may not collect attorney's fees for demanding that a state officer do what he would have done in any case." Coen v. Harrison County School Board, 638 F.2d 24, 26 (5th Cir.1981), cert. denied, 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982). It is clear, therefore, that the district court was correct in denying attorney's fees because the producers cannot obtain fees and costs for demanding in court that McAuliffe and his agents refrain from action they did not intend to take in any event.
 
 
 9
 Therefore, we agree with the district court that the producers were not prevailing parties entitled to attorney's fees under 42 U.S.C.A. Sec. 1988. Accordingly, the order and judgment of the district court is AFFIRMED.
 
 
 
 [1]
 O.C.G.A. Secs. 41-2-1, 41-3-1 (1982)
 
 
 [2]
 See Stein v. Reynolds Securities, 667 F.2d 33, 34 (11th Cir.1982) (decisions of Unit B panel of the Former Fifth Circuit binding precedent absent Eleventh Circuit en banc consideration)