833 F.2d 1545
 10 Fed.R.Serv.3d 181, 18 Envtl. L. Rep. 20,440
 DRUID HILLS CIVIC ASSOCIATION, INC., et al., Plaintiffs-Appellants,
v.
FEDERAL HIGHWAY ADMINISTRATION, et al., Defendants-Appellees.
DRUID HILLS CIVIC ASSOCIATION, INC., et al., Plaintiffs,
v.
FEDERAL HIGHWAY ADMINISTRATION, et al., Defendants,
National Trust for Historic Preservation in the United
States, Appellant.
 Nos. 87-8122, 87-8149.
 United States Court of Appeals,
Eleventh Circuit.
 Dec. 16, 1987.
 
 David F. Walbert, Atlanta, Ga., for plaintiffs-appellants.
 Terrence B. Adamson, Dow, Lohnes & Albertson, Jack H. Watson, Jr., Long, Aldridge & Norman, Atlanta, Ga., for amicus.
 Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for Federal appellees.
 Roland F. Matson, Asst. Atty. Gen., State Law Dept., Atlanta, Ga., for Georgia.
 Churchill and Ferguson, Robert T. Stagg, Jr., Atlanta, Ga., Elizabeth S. Merritt, Asst. General Counsel Nat. Trust for Historic Preservation, David A. Doheny, Washington, D.C., for appellant.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HAND*, Chief District Judge.
 HATCHETT, Circuit Judge:
 
 
 1
 The district court's ruling in this case requires that we apply the principles established in Taylor v. Heckler, 778 F.2d 674 (11th Cir.1985), and Litman v. Massachusetts Mutual Life Insurance Co., 825 F.2d 1506 (11th Cir.1987) (in banc). Applying those principles, we affirm.
 
 PROCEDURAL HISTORY
 
 2
 The federal appellees authorized funding for the state appellees to construct a project known as the Presidential Parkway in Atlanta, Georgia.[1] The parkway is a proposed 2.4 mile section of highway running east from the I-75/I-85 stub in downtown Atlanta, Georgia, to Ponce de Leon Avenue, an east-west roadway that is part of the Olmsted Park network in Atlanta's Druid Hills historic district.
 
 
 3
 Several civic associations and residents of the affected area (collectively referred to as Druid Hills) challenged the project in the district court.[2] The district court dismissed Druid Hills's complaint ruling that the government had made adequate findings in its environmental impact statement (EIS). On appeal, we affirmed the district court's decision in part and reversed it in part. Druid Hills Civic Association, Inc., et al. v. Federal Highway Administration, et al., 772 F.2d 700 (11th Cir.1985). We remanded the case to the district court for a further remand to the Secretary of Transportation, requiring the Secretary to make adequate findings under section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. Sec. 303 (1982).[3] Section 4(f)(1) requires that the Secretary find no feasible or prudent alternatives to the use of park lands and historic sites before approving such property for highway purposes.[4] Section 4(f)(2) requires the Secretary to utilize all possible planning to minimize harm to parks and historic sites before allowing a property to be used for highway purposes.
 
 
 4
 Following our remand, in further remanding the case to the Secretary, the district court adopted the mandate of this court. At that time, Druid Hills moved for attorney's fees.
 
 
 5
 Following remand to the Secretary, the Federal Highway Administration (FHWA) made additional findings and again determined that the project satisfied the requirements of section 4(f). The FHWA then filed in the district court a motion for summary judgment. The administrative record filed with the motion for summary judgment was developed entirely upon remand and did not include any part of the record developed in the original administrative proceedings. The district court granted FHWA's motion for summary judgment and denied Druid Hills's motion for attorney's fees, 650 F.Supp. 1368.
 
 ISSUES
 
 6
 On appeal, Druid Hills contends that: (A) the district court lacked jurisdiction to entertain FHWA's motion for summary judgment; (B) the district court abused its discretion in denying Druid Hills's motion to voluntarily dismiss the complaint; (C) the district court abused its discretion in denying Druid Hills's request for discovery; and (D) the district court abused its discretion in denying Druid Hills attorney's fees and costs.
 
 A. JURISDICTION
 
 7
 Druid Hills contends its complaint challenged only the original decision in the Draft and Final Environmental Impact Statements (DEIS and FEIS), which also served as the 4(f) decision document. The DEIS and FEIS did not become part of the administrative record considered by the Secretary upon remand for further findings under section 4(f). Druid Hills's complaint alleged that approval of the Presidential Parkway was in conflict with section 4(f), the National Environmental Policy Act of 1969, 42 U.S.C. Secs. 4321-75, because certain hearings on the project had not been held. The district court originally ruled against Druid Hills on all issues raised, but this court remanded the case to the district court for further remand "to the Secretary for adequate findings of impact on 4(f) properties caused by the Decatur Parkway and the two Moreland Avenue plans." Druid Hills, 772 F.2d at 718. According to Druid Hills, since the 1984 complaint did not contemplate a challenge to the 1986 decision of the Secretary on remand, the district court lacked jurisdiction to consider FHWA's motion for summary judgment seeking approval of the Secretary's 1986 decision. Druid Hills further contends that when the district court entered judgment adopting the remand order of the Eleventh Circuit, that judgment constituted a final judgment, effectively terminating the litigation and the district court's jurisdiction.
 
 
 8
 Had the district court originally determined the Secretary's 4(f) findings inadequate and remanded the case to the Secretary, clearly, the district court would have retained jurisdiction of the case until the proceedings on remand were concluded.
 
 
 9
 This circuit treats all remand orders to the Secretary [of Health and Human Services] as interlocutory orders, not as final judgments. See Howell v. Schweiker, 699 F.2d 524 (11th Cir.1983); Tookes v. Harris, 614 F.2d 1296 (5th Cir.1980) (published as an appendix in Howell ). In Howell, we held that the 'district court's [remand] ... [does] not end the litigation' because the Secretary may thereafter grant or deny benefits to the claimant ... [who] may obtain subsequent judicial review.[2]
 
 
 10
 2. Because this circuit considers a remand order an interlocutory order, it follows by operation of law that the district court retains jurisdiction of the case until the proceedings on remand have been concluded. To terminate its jurisdiction, the district court must subsequently enter a dispositive order of some sort....
 
 
 11
 Taylor v. Heckler, 778 F.2d 674, 677 (11th Cir.1985) (emphasis in original).
 
 
 12
 The only distinction between Taylor and this case is that the district court remanded the case to the Secretary of Transportation because the Eleventh Circuit ordered it to do so. This is a distinction without a difference. Hence, the district court retained jurisdiction.
 
 
 13
 Druid Hills contends the district court's entry of judgment adopting this court's mandate after the first appeal constituted a final judgment under the separate document rule of Federal Rule of Civil Procedure 58. In support of this proposition, Druid Hills cites United States v. Perez, 736 F.2d 236 (5th Cir.1984). Perez held a district court's order adopting a magistrate's report and recommendation constituted a judgment under rule 58.
 
 
 14
 Neither Perez nor other cases cited by Druid Hills and amici curiae involved remand orders like the one in this case.[5] The purpose of the separate document rule is to provide a clear indication of when litigation is terminated. In re Tidewater Group, Inc., 734 F.2d 794, 795-96 (11th Cir.1984). Because the purpose of a remand order is to continue litigation rather than terminate it, such orders cannot reasonably be construed as terminating litigation on the issues remanded.
 
 
 15
 Druid Hills further argues that its complaint merely sought a determination that the Secretary's original approval of the parkway did not satisfy section 4(f) requirements. Since the court of appeals agreed and remanded the case for further findings, Druid Hills asserts that it received all the relief it originally sought, thereby eliminating any case or controversy from the lawsuit and depriving the district court of article III jurisdiction.
 
 
 16
 When a party files a lawsuit it submits itself to the authority and rules governing that court. In general, these rules exist to further justice, not to help or hinder a particular party. Litman v. Massachusetts Mutual Life Insurance Co., 825 F.2d 1506 (11th Cir.1987) (in banc). A party cannot couch its pleadings so as to unilaterally eliminate a rule governing the proceedings. In short, Druid Hills could not unilaterally deprive this court of its authority to remand the case to the Secretary for further findings. When Druid Hills filed its complaint it submitted itself to the authority of the federal court system. The fact that Druid Hills may have become satisfied at a given procedural stage in the litigation does not deprive the federal court system of article III jurisdiction. The existence of a case or controversy must be viewed in light of all the proceedings available to both litigants under the rules and authority of the federal court system. Were the rule otherwise, a party could state in its complaint that it seeks relief "only from the district court" and upon receiving a favorable judgment, avoid an appeal on the ground that no case or controversy exists because the complainant is satisfied with the district court's judgment. Although this court's reversal of the district court may have satisfied Druid Hills, it did not satisfy FHWA, et al. Either party may create or sustain a case or controversy. FHWA's motion for summary judgment, made following the Secretary's new 4(f) findings on remand, presented a case or controversy satisfying the district court's jurisdictional requirements. Accordingly, the district court retained jurisdiction of this case after it remanded the case to the Secretary for further proceedings.
 
 B. VOLUNTARY DISMISSAL
 
 17
 Druid Hills contends the district court abused its discretion in denying Druid Hills's motion to voluntarily dismiss the complaint. A district court does not abuse its discretion in granting a motion for voluntary dismissal unless the party opposing the motion "will suffer some plain legal prejudice other than the mere prospect of a second law suit. It is no bar to dismissal that [the movant] may obtain some tactical advantage thereby." Durham v. Florida East Coast Railway Co., 385 F.2d 366, 368 (5th Cir.1967) (emphasis in original).
 
 
 18
 Had the district court granted Druid Hills's motion to voluntarily dismiss its complaint, then FHWA, et al. would effectively have suffered the legal detriment of being deprived of the court of appeals's order remanding the case to the Secretary for further proceedings. Where a party brings an appeal challenging the decision of a lower tribunal and the case is remanded for new proceedings, then the right to new proceedings belongs to both parties, not to either party individually. Litman v. Massachusetts Mutual Life Insurance Co., 825 F.2d at 1514 (11th Cir.1987) (in banc).
 
 
 19
 In Litman, the defendant appealed a jury verdict awarding punitive damages to the plaintiff. On appeal, this court ordered a new trial solely on the issue of punitive damages. On remand, the defendant filed in district court a waiver of its right to a new trial, consenting to the jury's original punitive damage award. Accordingly, the district court entered judgment for plaintiff in the amount of the punitive damages originally determined by the jury. That decision was itself appealed to the Eleventh Circuit, which heard the case in banc. The in banc court held: "Once the appellate ruling became final, the right to a new trial belonged to neither party individually but rather to both." Litman, 825 F.2d at 1514.
 
 
 20
 Therefore, when this court remanded this case to the Secretary for further findings, both appellants and appellees acquired a right to those proceedings. Since the district court retained jurisdiction of this case on remand, this court's remand order necessarily conferred upon both parties a right to have the case fully litigated in the district court after the administrative hearing. Had the district court granted Druid Hills's motion for voluntary dismissal, this would have deprived FHWA, et al. of their right to further proceedings in the district court. Since FHWA, et al. would have suffered plain legal prejudice had Druid Hills's complaint been dismissed, the district court did not abuse its discretion in denying Druid Hills's motion for voluntary dismissal.
 
 C. DISCOVERY
 
 21
 Druid Hills also contends that the district court abused its discretion in denying the motion for discovery. By the requested discovery, Druid Hills sought to attack the motion for summary judgment. The district court denied discovery despite the affidavit of counsel for Druid Hills pursuant to rule 56(f) of the Federal Rules of Civil Procedure. That rule allows a court to permit "depositions to be taken or discovery to be had" to allow a party to oppose a motion for summary judgment. On the other hand, FHWA contends that the affidavit of counsel for Druid Hills did not comply with rule 56(f) because the affidavit did not give reasons why Druid Hills could not "present by affidavit facts essential to justify [its] opposition." Fed.R.Civ.P. 56(f).
 
 
 22
 FHWA filed its motion for summary judgment on June 6, 1986. After Druid Hills obtained an extension of time to respond to the motion, it filed a brief on August 20, 1986. That brief, however, did not respond substantively to the merits of the motion. Druid Hills also failed to take advantage of the district court's September 16, 1986, order allowing Druid Hills to file a brief in opposition to the motion. Druid Hills's apparent reluctance to make any serious substantive challenge to the motion, combined with the fact that it had the opportunity to conduct extensive discovery at the time of its original challenge to the approval of the Presidential Parkway, support the district court's determination that further discovery would not lead to the creation of a material question of fact. Therefore, the district court did not abuse its discretion in denying Druid Hills's motion for additional discovery.
 
 D. ATTORNEY FEES
 
 23
 Under 42 U.S.C. Secs. 1983 and 1988, a party is entitled to attorney's fees if it prevails on a significant legal issue, thereby achieving the primary relief sought. B & J Music, Inc. v. McAuliffe, 719 F.2d 1536, 1539 (11th Cir.1983). We read Druid Hills's complaint as seeking to prevent the construction of the Presidential Parkway. Druid Hills contends it merely sought a ruling that the FHWA's initial approval of the parkway did not comply with section 4(f). We interpret that, however, as a mere procedural victory. Since we have not overturned the district court's granting of FHWA's motion for summary judgment, Druid Hills has not ultimately achieved the primary relief sought and is therefore not entitled to attorney's fees. Hanrahan v. Hampton, 446 U.S. 754, 757-58, 100 S.Ct. 1987, 1989-90, 64 L.Ed.2d 670 (1980); Doe v. Busbee, 684 F.2d 1375, 1380 (11th Cir.1982).
 
 
 24
 We find no error in the district court's denial of National Trust for Historic Preservation's motion to intervene.
 
 
 25
 Druid Hills's claim that the case should be remanded for reassignment to a different district judge is moot.
 
 
 26
 The judgments of the district court are affirmed in both cases.
 
 
 27
 AFFIRMED.
 
 
 
 *
 Honorable William Brevard Hand, Chief U.S. District Judge for the Southern District of Alabama, sitting by designation
 
 
 [1]
 The appellees are: FHWA; USDOT; GDOT; EPA; R.A. Barnhart, the Administrator of the FHWA; D.J. Altobelli, Georgia State Division Director of the FHWA; Elizabeth Dole, Secretary of the USDOT; Thomas D. Moreland, Commissioner of the GDOT; and Carl Jeter, Regional Administrator of the EPA
 
 
 [2]
 The appellants are: The Druid Hills Civic Association, Inc.; Inman Park Restoration, Inc.; Candler Park Neighborhood Organization; CAUTION, Inc.; various named individuals; and the National Trust for Historic Preservation
 
 
 [3]
 Our directions on remand were:
 In summary, the case must be remanded to the Secretary for adequate findings of the impact on 4(f) properties caused by the Decatur Parkway and the two Moreland Avenue plans. This review should encompass an accurate assessment of the characteristics of the property that will be affected by the alternative, e.g., if the property is in a historic district, whether it has been previously impacted by commercial development and if so, to what extent. The Secretary's review must also address the quantity of harm that will accrue to the park or historic site and the nature of that harm, e.g., visual impact or physical taking. It will not suffice to simply state that an alternative route would affect 4(f) properties without providing some rational, documented basis for such a conclusion. In short, the same consideration must be given to whether these alternative routes would minimize harm to the section 4(f) properties as was accorded the adopted route.
 772 F.2d at 718.
 
 
 [4]
 Section 4(f) of the Department of Transportation Act, 49 U.S.C. Sec. 1653(f), was repealed in 1983 but was recodified without substantial change at 49 U.S.C. Sec. 303
 Section 18 of the Federal-Aid Highway Act, 23 U.S.C. Sec. 138, is virtually identical to section 4(f) of the Department of Transportation Act, 49 U.S.C. Sec. 303. For purposes of this appeal, the statutes will be referred to collectively as "section 4(f)."
 Section 4(f) states:
 (a) It is the policy of the United States Government that special effort should be made to preserve the natural beauty of the country-side and public park and recreation lands, wildlife and waterfowl refuges, and historic sites.
 (b) The Secretary of Transportation shall cooperate and consult with the Secretaries of the Interior, Housing and Urban Development, and Agriculture, and with the States, in developing transportation plans and programs that include measures to maintain or enhance the natural beauty of lands crossed by transportation activities or facilities.
 (c) The Secretary may approve a transportation program or project requiring the use of publicly owned land of a public park, recreation area, or wildlife and waterfowl refuge of national, State, or local significance, or land of an historic site of national, State or local significance (as determined by the Federal, State, or local officials having jurisdiction over the park, area, refuge, or site) only if--
 (1) there is no prudent and feasible alternative to using that land; and
 (2) the program or project includes all possible planning to minimize harm to the park, recreation area, wildlife and waterfowl refuge, or historic site resulting from the use.
 49 U.S.C. Sec. 303 (1982).
 
 
 [5]
 We affirm the district court's denial of National Trust for Historic Preservation's motion to intervene in this lawsuit. We treat its briefs appealing (in Case No. 87-8149) the district court's denial of its motion to intervene as amicus briefs. Amicus curiae Carter Presidential Center also filed a brief in this case (No. 87-8122)