UNITED STATES of America, Appellee,

v.

Larry Darnell WATSON, Appellant.

No. 81–2340.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1982.

Decided May 17, 1982.

Mark L. Ross, Ross & Ross, P.A., Little Rock, Ark., for appellant.

George W. Proctor, U. S. Atty., Robert L. Neighbors, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before BRIGHT and HENLEY, Circuit Judges, and BARTLETT,* District Judge.

PER CURIAM.

Larry Darnell Watson appeals his conviction on one count charging him with breaking and entering a post office with the intent to commit larceny and a second count of conspiracy to commit that offense in violation of 18 U.S.C. §§ 2115 and 371.

Watson raises two contentions: (1) that the District Court[1] erred in refusing to enter a judgment of acquittal on Count II, the conspiracy count, at the close of the government's case because there was not substantial evidence to prove two elements of the conspiracy, and (2) that the District Court should have granted the motion for judgment of acquittal after the verdict had been returned because the government failed to rebut Watson's coercion defense. Neither of these claims has merit. Accordingly, we affirm.

* D. Brook Bartlett, District Judge, Western District of Missouri, sitting by designation.

1. The Honorable G. Thomas Eisele, Chief United States District Judge, Eastern District of Arkansas.

On the night of July 6, 1981, Wayne Fulcher, Dennis Mabry and Watson had planned to burglarize a store in Marvell, Arkansas. This plan fell through and the trio was followed out of town by the police. They then decided to burglarize a chemical plant, but abandoned this plan when some dogs began barking. Thereafter, they broke through a window and burglarized the nearby Barton Post Office and were subsequently arrested.

The government dropped the conspiracy charges against Mabry and Fulcher when they pled guilty to breaking and entering. Mabry and Fulcher then testified at Watson's trial and the jury found Watson guilty on both counts.

Watson urges that his motion for a judgment of acquittal on the conspiracy count should have been granted because there was no evidence of either an agreement or an overt act. "In considering a motion for acquittal, the verdict of guilty must be sustained if, viewing the evidence in the light most favorable to the government together with all reasonable inferences therefrom, there is substantial evidence to support it." *United States v. Haynes*, 653 F.2d 332, 333 (8th Cir. 1981).

■■■ Watson's contention that there was not substantial evidence to support a finding of an agreement is without merit. Fulcher testified that the three of them agreed that Mabry and Watson were to go into the post office and that he would wait outside. Testimony of an accomplice is sufficient to sustain a conspiracy conviction unless it is incredible or insubstantial on its face. *United States v. Sellers*, 603 F.2d 53, 55 (8th Cir. 1979) *vacated and remanded*, 447 U.S. 932, 100 S.Ct. 3033, 65 L.Ed.2d 1127, *modified on other grounds*, 628 F.2d 1085 (8th Cir. 1980). Fulcher's testimony is not incredible or insubstantial on its face and provides substantial evidence of an agreement to burglarize the Barton Post Office. Furthermore, an agreement to burglarize the post office is easily inferable from the activities of Fulcher, Mabry and Watson on July 6, 1981.

■■■ Watson also contends that there was not substantial evidence to support the conspiracy charge because the government failed to establish any overt acts in furtherance of the conspiracy other than the commission of the substantive offense of breaking and entering. However, the overt acts may be proved by evidence used to prove the substantive offense. *Cardarella v. United States*, 375 F.2d 222, 224 (8th Cir.) *cert. denied*, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967). Watson does not deny breaking into the post office. Therefore, there is substantial evidence supporting the overt act element of the conspiracy charge.

■■■ Watson's second main contention on appeal is that the District Court should have granted a judgment of acquittal on both counts because the evidence supporting appellant's coercion defense went unrebutted by the government. Watson and Mabry testified at trial that Fulcher held a gun on them and forced them to break into the post office. Fulcher denied that there was any coercion. "By reason of the jury's finding of guilt, the government is entitled on appeal to the benefit of all reasonable inferences from the evidence, and any conflicts in the testimony are to be resolved in favor of the verdict." *United States v. Steffen*, 641 F.2d 591, 597 (8th Cir. 1981). Fulcher's testimony is sufficient to sustain the jury verdict.

The decision of the District Court is affirmed.