**INTERNATIONAL SOCIETY FOR KRISHNA CONSCIOUSNESS, INC., A Colorado corporation; Jack Lawrence Mahoney, also known as Kurusretha, and Steven Norman Schechter, also known as Siddhanta, Plaintiffs-Appellants,**

**v.**

**The COLORADO STATE FAIR AND INDUSTRIAL EXPOSITION COMMISSION; Charles L. Thomson, Charles E. Kirk, Norval M. Anderson, Tom Haddass, Marelynn Zipser, Robert C. Norris, Dan Luna, Harry E. Green, Jr., Maurice Parker and Tom Healy as Commissioners thereof; George E. Scott as Manager thereof; J. Evan Goulding as Commissioner of Colorado Department of Agriculture; J.D. MacFarlane, Attorney General of the State of Colorado, and Richard D. Lamm, Governor of the State of Colorado, individually and in their official capacities, Defendants-Appellees.**

No. 82SA19.

Supreme Court of Colorado,
En Banc.

Dec. 5, 1983.

Rehearing Denied Jan. 9, 1984.

level of scaffolding was being used.

See also 199 Colo. 265, 610 P.2d 486.

Ralph B. Rhodes, Denver, for plaintiffs-appellants.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Patricia N. Robb, Asst. Atty. Gen., Denver, for defendants-appellees.

KIRSHBAUM, Justice.

The International Society for Krishna Consciousness, Inc., (the Society) and two of its members, the plaintiffs in this action, appeal an order of the trial court denying their motion for attorney's fees under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (Supp. V 1981). We reverse and remand for a determination of an appropriate award of attorney's fees.

On September 2, 1977, plaintiffs filed a complaint for declaratory and injunctive relief in the District Court for Pueblo County against defendants, the Colorado State Fair and Industrial Exposition Commission (the Commission), its members, and other Colorado government officials. The complaint requested a permanent injunction prohibiting enforcement by defendants of a resolution adopted by the Commission which allegedly restricted plaintiffs' practice of religious activities, in violation of their constitutional rights as guaranteed under the First and Fourteenth Amendments of the United States Constitution and under Article II, Sections 4, 10, 24 and 25 of the Colorado Constitution. The complaint also requested the trial court to declare the resolution unconstitutional.[1]

On August 10, 1981, the trial court declared that the challenged "booth rule" unconstitutionally restricted plaintiffs' rights to distribute literature, solicit donations and discuss religious beliefs. The trial court entered a permanent injunction prohibiting defendants from enforcing the resolution in any manner which might deny such rights. We affirmed the trial court's judgment in *International Society for Krishna Con-*

---

1. The resolution contained the following pertinent provision:
   "Exhibitors must confine all transactions to the space leased and shall not display signs, placards, brochures, advertisements, or solicit prospective customers in any loca-tion on the fair grounds except within the contracted space. Exhibitors with demonstrations must plan their display so that those watching do not block aisles or interfere with neighboring exhibit areas."

*sciousness, Inc. v. Colorado State Fair & Industrial Exposition Commission,* 199 Colo. 265, 610 P.2d 486 (1980).

Subsequently, plaintiffs filed a motion for an award of reasonable attorney's fees with the trial court, asserting rights to such fees under the Civil Rights Attorney's Fees Award Act of 1976 and C.R.C.P. 57(h). While their motion was pending, the United States Supreme Court decided the case of *Heffron v. International Society for Krishna Consciousness, Inc.,* 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed. 298 (1981), holding that a rule promulgated by the Minnesota Agricultural Society which required a license for the sale or distribution of materials at Minnesota's annual state fair did not constitute an impermissible restriction on constitutionally protected activities of the plaintiff, International Society for Krishna Consciousness, Inc.[2]

On October 5, 1981, the trial court entered an order denying plaintiffs' motion for attorney's fees. It concluded that, although plaintiffs had obtained the injunctive and declaratory relief sought by their complaint, under the holding of *Heffron* "plaintiffs should not have prevailed." The trial court also noted defendants' contention that plaintiffs were not entitled to attorney's fees under 42 U.S.C. § 1988 be-cause the case was not based on any alleged violation of 42 U.S.C. § 1983; however, in view of its determination that plaintiffs were not entitled to attorney's fees in any event, it did not decide whether the complaint stated a cause of action under 42 U.S.C. § 1983. Plaintiffs have appealed the trial court's order.[3]

## I. PREVAILING PARTY RULE

■ The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 (Supp. V 1981), authorizes trial courts to award reasonable attorney's fees to "prevailing parties" in actions arising under certain federal statutes.[4] As a matter of federal law, such fees routinely are awarded to plaintiffs who succeed in obtaining permanent injunctive relief to prohibit conduct which impermissibly restricts their exercise of constitutional rights, unless the trial court finds the presence of special circumstances rendering such award unjust. *See, e.g., Northcross v. Board of Education,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) (per curiam); *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam); *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978).[5] Such results represent federal judicial recognition that by enacting section 1988 Congress determined to remedy the problem

**2.** That rule, Minnesota State Fair Rule 6.05, provided in relevant part as follows:
"Sale or distribution of any merchandise, including printed or written material except under license issued [by] the Society and/or from a duly-licensed location shall be a misdemeanor."
*Heffron v. International Soc'y for Krishna Consciousness, Inc.,* 452 U.S. 640, 643, 101 S.Ct. 2559, 2562, 69 L.Ed.2d 298, 303–04 (1981).

**3.** The matter was referred to this court pursuant to § 13–4–110(1)(a), C.R.S.1973.

**4.** 42 U.S.C. § 1988, as amended, states as follows:
"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title 'CIVIL RIGHTS,' and of Title 'CRIMES,' for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, [20 U.S.C. 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

**5.** A prevailing defendant may recover attorney's fees only "upon a finding that the plain-

facing individuals least able to afford legal representation who find their constitutionally protected rights violated by governmental action. *See* S.Rep. No. 1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S. Code Cong. & Ad.News 5908, 5910.[6] This statute consistently has been interpreted broadly in favor of such awards, thus narrowing trial court discretion to deny requests for awards of attorney's fees by plaintiffs required to pursue litigation to protect their civil rights. *See, e.g., People v. 11 Cornwell Co.,* 718 F.2d 22 (2d Cir. 1983); *Brown v. Culpepper,* 559 F.2d 274 (5th Cir.1977).

■ For purposes of section 1988, federal courts have defined a "prevailing party" as a party who has succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* —— U.S. ——, ——, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983) (quoting *Nadeau v. Helgemoe, supra* ). A prevailing party has also been described as a party who "has been successful on the central issue as exhibited by the fact that he has acquired the primary relief sought." *Taylor v. Sterrett,* 640 F.2d 663, 699 (5th Cir.1981). *See also Coen v. Harrison County School Board,* 638 F.2d 24, 26 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982). As stated by the United States Court of Appeals for the Eleventh Circuit in *Doe v. Busbee,* 684 F.2d 1375, 1381 (11th Cir.1982), "in order to be a prevailing party, a plaintiff must achieve significant relief to which he was entitled under the civil rights laws through

his success on the merits, favorable settlement, or voluntary actions by defendants."

■ In this case, whatever test is applied, plaintiffs satisfy the prevailing party standard. They obtained a declaratory judgment that the Commission's resolution was unconstitutional and secured a permanent injunction prohibiting defendants from enforcing the resolution against them—the entire relief requested by their complaint. As a result of this litigation, plaintiffs were free to traverse the Colorado State Fair grounds to discuss their religious beliefs, solicit donations and distribute literature. The record is devoid of any suggestion that, absent the judicial relief obtained by plaintiffs, defendants voluntarily would have refrained from enforcing the resolution against plaintiff. *See Posada v. Lamb County,* 716 F.2d 1066 (5th Cir.1983).

Although the trial court recognized expressly that plaintiffs had "prevailed" at trial and on appeal to this court, it nevertheless determined that the decision in *Heffron* in some manner abrogated the plaintiffs' rights to an award of attorney's fees in this case. The trial court in effect considered the rule of law announced in *Heffron* to be contrary to the rule of law established by it and confirmed by us in the initial appeal of this case. It then implied that, had *Heffron* been decided prior to the initial trial, the plaintiffs' request for declaratory and injunctive relief would have been denied and this court would have affirmed such denial.

■ Such speculation is irrelevant to the issue of plaintiffs' entitlement to attorney's fees in this case. It is, of course, true

tiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648, 657 (1976). *See* H.R.Rep. No. 1558, 94th Cong., 2d Sess. 7 (1976). *See also Hughes v. Rowe,* 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Doe v. Busbee,* 684 F.2d 1375 (11th Cir.1982).

**6.** The senate report stated in pertinent part: "In many cases arising under our civil rights laws, the citizen who must sue to enforce the law has little or no money with which to hire a lawyer. If private citizens are to be able to assert their rights, and if those who violate the [nation's] fundamental laws are not to

proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court." *See also* S.Rep. No. 1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Adm. News 5908, 5912, which states in pertinent part as follows:

"It is intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act. A party seeking to enforce the rights protected by the statutes covered by [§ 1988], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' "

that in the event an initial judgment favorable to the complaining party is reversed on appeal, no valid claim to attorney's fees could be asserted by such party. *United States v. Watson,* 677 F.2d 689 (8th Cir. 1982); *Harris v. Pirch,* 677 F.2d 681 (8th Cir.1982). It is also true that any relief awarded under a mistake of law will not support an award of attorney's fees under section 1988 if such relief is later vacated. *Doe v. Busbee, supra.* Because the ultimate conclusion in such cases is that no violation of constitutionally protected rights occurred, any award of attorney's fees to the plaintiff would be contrary to the legislative purpose of section 1988.

█ In this case, the decision that the Commission's resolution did violate plaintiffs' constitutional rights has not been altered. There has been no decision by any court that the resolution did *not* violate such rights. Conjecture about the possible effect of some other decision rendered by some other court after final judgment had entered in this case is not relevant to the question of whether plaintiffs were prevailing parties in this litigation.[7] Nor is such speculation appropriate in determining whether special circumstances exist which might support a decision to deny requested attorney's fees as being unjust.[8] Plaintiffs here attained *all* of the relief they requested in this action; they, therefore, are prevailing parties under section 1988.

## II. SUFFICIENCY OF COMPLAINT

█ As the issue will arise on remand, in the interest of judicial economy, *see*

----

7. The *Heffron* decision was limited to the facts presented in that case. The resolution here was arguably more restrictive than the Minnesota State Fair rule challenged in *Heffron. See* supra note 2.

8. An example of special circumstances which will defeat a request for attorney's fees under § 1988 by successful plaintiffs is found in *Zephier v. Pierce,* 714 F.2d 856 (8th Cir.1983), where the plaintiffs were not represented by counsel until after the motion for fees was filed and where the trial court had dismissed the case as moot.

9. Plaintiffs assert that their complaint states a claim under Title 42 U.S.C. § 1983. Defendants have denied such assertion, as the trial

----

*VFW Post 4264 v. City of Steamboat Springs,* 195 Colo. 44, 575 P.2d 835, *appeal dismissed,* 439 U.S. 809, 99 S.Ct. 66, 58 L.Ed.2d 101 (1978), we next consider whether plaintiffs' complaint states a claim under section 1983 of the Civil Rights Act.[9] To state a claim for relief under section 1983, a complainant need allege only (1) that some person deprived complainant of a right, privilege or immunity secured by the federal constitution; and (2) that such person acted under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Espinoza v. O'Dell,* 633 P.2d 455 (Colo.1981). Furthermore, it is well-settled that complaints filed under the Civil Rights Act are to be construed liberally. *Morrison v. Jones,* 607 F.2d 1269 (9th Cir.1979), *cert. denied,* 445 U.S. 962, 100 S.Ct. 1648, 64 L.Ed.2d 237 (1980).

█ The complaint alleges that the defendants are representatives or agencies of the State of Colorado. Count V, paragraph 2, of the complaint contains the following relevant allegations:

> "(b) The enforcing of [the Commission's] resolution is unduly restrictive and beyond the scope of the authority granted by the leasing statute (1973 CRS, 35–65–107) allegedly relied on by the [Commission].

> "(c) By application of said resolution to [plaintiffs], the same is overbroad in sweep and constitutes a chilling effect upon the [members of the Society] in the practice of their religion."

This language alleges a restriction upon defendants' practice of religion—a plain

----

court pointed out in its opinion. Defendants maintain that because the trial court reserved ruling on the issue of the sufficiency of the complaint, the matter is not properly before this court. The determination of whether a complaint states a claim for relief under § 1983, however, is a question of law. *Brule v. Southworth,* 611 F.2d 406 (1st Cir.1979). *See also Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). We, therefore, address the issue as there is no dispute as to the contents of plaintiffs' complaint, a copy of which is attached to plaintiffs' opening brief before this court.

reference to an abridgement of a right protected by the First Amendment to the United States Constitution.[10] For the purpose of recouping attorney's fees under section 1988, express reference to conduct as violative of section 1983 is not required; section 1988 is applicable to any action for which section 1983 provides a remedy. *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *See also Maher v. Gagne,* 448 U.S. 122, 129 n. 11, 100 S.Ct. 2570, 2574 n. 11, 65 L.Ed.2d 653, 661 n. 11 (1980); *Founding Church of Scientology of Washington, D.C., Inc. v. Director, Federal Bureau of Investigation,* 459 F.Supp. 748 (D.D.C.1978). We conclude that the complaint here states a claim for relief under section 1983. Plaintiffs, as prevailing parties on such claim, therefore are entitled to an award of reasonable attorney's fees in this case. The order of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

---

10. Freedom of speech and freedom of worship are rights secured by the "due process of law" clause of the Fourteenth Amendment of the United States Constitution and are within the purview of civil rights statutes. *Oney v. Oklahoma City,* 120 F.2d 861 (10th Cir.1941).