**SUMTER COUNTY DEMOCRATIC EXECUTIVE COMMITTEE et al., Plaintiffs-Appellants,**

v.

**W. E. DEARMAN, etc., et al., Defendants-Appellees.**

No. 74–2124.

United States Court of Appeals, Fifth Circuit.

June 23, 1975.

W. E. Still, Jr., Tuscaloosa, Ala., Drake & Knowles, University, Ala., for plaintiffs-appellants.

Perry Hubbard, Tuscaloosa, Ala., for defendants-appellees.

Before BROWN, Chief Judge, and MURRAH * ˙ and WISDOM, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal brings before us once again the difficult and complex problems that we must face in our Constitutional-

ly and Congressionally mandated duty to ensure that the right to vote of no American is abridged. Holding that under Section 5 of the 1965 Voting Rights Act, 42 U.S.C.A. § 1973c, the determination of whether there has been a change in a voting practice or procedure must be made by a three-Judge Court, we vacate the District Court order and remand for such a determination.[1]

Code of Ala., Tit. 17, §§ 344, 348, first promulgated in 1931 but with important amendments in 1947 and 1945 respectively, set forth the procedure by which citizens aspiring to political office are certified as candidates in the party primary. In general, these sections require the chairman of the county executive committee of the party to certify the names of the candidates to the county probate judge who then places them on the ballot.

The dispute that gave rise to this appeal grew out of the 1974 Democratic primary for local office in Sumter County, Alabama. Appellants, the Sumter County Democratic Executive Committee (the Committee) and certain candidates in the primary, sought to restrain the county probate judge from placing the names of certain other candidates (defendant candidates) on the ballot, and in addition asserted a scheme to deprive them of their right to vote. The Committee contended that the defendant candidates were not certified by the Committee chairman, Leslie Bell Johnson, as required by Ala.Code, Tit. 17, § 344. Instead, the defendant candidates were certified by the secretary of the Committee, J. E. Cobb. The District Judge found that the certification was merely a ministerial act, the Committee had delegated the authority to perform this function on its behalf to Mr. Cobb and refused to grant the restraining order. The Committee now seeks a reversal of the District Court's judgment and

---

* Of the Tenth Circuit, sitting by designation.

1. Our recent decision in Robinson v. Pottinger, 5 Cir., 1975, 512 F.2d 775 concerns an issue raised at a different point in the procedure mandated by Section 5 of the Act.

to void the election as violative of the provisions of Section 5 of the 1965 Voting Rights Act.

██ Section 5 of the Voting Rights Act provides that a state or political subdivision covered by the Act which seeks to administer a voting standard or procedure different from those in effect November 1, 1964 must first submit the proposed change to the Attorney General of the United States or obtain a declaratory judgment from a three-Judge Court of the United States District Court for the District of Columbia that the change "does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color . . . ." The initial determination whether a change in voting procedures has been effected and so is covered by the Act must be heard by a three-Judge Court of the District in which the suit ·is brought. Allen v. Board of Elections, 1969, 393 U.S. 544, 565, 89 S.Ct. 817, 831, 22 L.Ed.2d 1, 17; Perkins v. Mathews, 1971, 400 U.S. 379, 382, 91 S.Ct. 431, 434, 27 L.Ed.2d 476, 481 n.3; United States v. Cohan, 5 Cir., 1972, 470 F.2d 503.

In his order dismissing the Committee's complaint the District Judge made a fact-finding that the Committee had delegated the authority to certify candidates to its secretary, Cobb. This finding was based on Cobb's testimony, corroborated by one witness and contradicted by others, that as far as he could remember the "suggestion" was made at a meeting of the Committee that as secretary he was to handle the qualification paper work. Appellants urge us to overturn this finding as clearly erroneous but we do not find it necessary to do so.

**2.** Since the Chief Judge is a member of the panel, no formal request to convene a three-Judge Court is necessary. The Court will be

██ In denying appellants the relief they sought the District Judge impliedly found that there had been no change in a voting practice or procedure. This he could not do. The teaching of *Allen, supra,* is clear. Congress has mandated "the disputes involving the coverage of § 5 be determined by a district court of three judges." 393 U.S. at 563, 89 S.Ct. at 830, 22 L.Ed.2d at 16. It is true that the change, if any, represented by a shift from certification by the Committee chairman to certification by the Committee secretary is small indeed. But in *Allen* the Supreme Court expressly rejected the argument that § 5 had no application to the qualification of candidates, 393 U.S. at 563–570, 89 S.Ct. at 830–834, 22 L.Ed.2d at 16–20, and required that "all changes, no matter how small, be subjected to § 5 scrutiny." *Id.* at 568, 89 S.Ct. at 833, 22 L.Ed.2d at 16.

In reciting this standard we, of course, intend no intimation either way as to whether the disputed practice here constitutes a change covered by the Act. And, aware of the shifting standards of reviewability of the decisions of three-Judge Courts, *see e. g.* MTM, Inc. v. Baxley, 1975, —— U.S. ——, 95 S.Ct. 1278, 43 L.Ed.2d 636; Gonzalez v. Employees Credit Union, 1975, 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249, we express no opinion as to the tribunal to review any coverage decision by the three-Judge Court.[2]

We do not find it necessary to void the election. Following the lead of the Supreme Court in Perkins v. Mathews, 1971, 400 U.S. 379, 395–397, 91 S.Ct. 431, 440–441, 27 L.Ed.2d 476, 489–90, the question of the appropriate remedy should be left initially to the three-Judge Court.

Vacated and remanded.

convened simultaneously with the release of this opinion.