**Barbara D. WARD et al.,**
**Plaintiffs-Appellants,**

v.

**W. E. DEARMAN et al.,**
**Defendants-Appellees.**

No. 79–1001.

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1980.

---

Edward Still, Birmingham, Ala., for plaintiffs-appellants.

Perry Hubbard, Tuscaloosa, Ala., for defendants-appellees.

Before WISDOM, RONEY and HATCH-ETT, Circuit Judges.

PER CURIAM:

Appellants appeal from a three-judge court order in a Voting Rights Act suit. (42 U.S.C. § 1973c.) The three-judge court concluded that the action was moot and denied appellants' request for attorney fees. Because we find that the case is moot and that the appellants are not prevailing parties under either the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988, or 42 U.S.C. § 1973*l*(e), we affirm.

The relevant facts are clearly stated in the August 28, 1978 order of the three-judge court:

> This action was commenced to restrain the placing on the ballot of certain candidates who had been certified by the Secretary of the Sumter County Democratic Executive Committee acting pursuant to a resolution by that committee setting the qualifying fees for the 1974 primary election and appointing a secretary "to handle all the paper work of the committee and to work with the chairman." Alabama law, insofar as here pertinent, pro-

vides for certification of candidates in the party primary by the chairman. Plaintiffs claim that this certification by the secretary instead of the chairman was a change in voting practice or procedure which would require preclearance under section 5 of the 1965 Voting Rights Act, 42 U.S.C. § 1973(c) [1973c]. Injunctive relief was denied and the case was dismissed. On appeal, the Fifth Circuit held that the determination of whether there had been a change in a voting practice or procedure had to be decided by a three-judge court and that the order of dismissal implicitly and improperly made that decision, and remanded the case for such a determination. [*Sumter County Democratic Executive Committee v. Dearman*, 514 F.2d 1168 (5th Cir. 1975).] The three-judge court denied plaintiff's motion for summary judgment, and the case has now been submitted on supplemented stipulations of fact. It is clear from the stipulations of fact that the Sumter County Democratic Executive Committee has not readopted the resolution under which the Secretary purported to act in connection with the certification of candidates in the 1974 election. The Sumter County Democratic Executive Committee has not treated the resolution as operative with respect to any election since the 1974 primary and does not treat it as operative for the 1978 primary.

This court is therefore of the opinion that the question is moot and accordingly the case if [sic] due to be dismissed as moot.

Accordingly, it is ordered, adjudged and decreed that the case is dismissed as moot. Costs are to be taxed to the plaintiffs.

Shortly thereafter, the plaintiffs moved for modification to allow attorneys fees. The three-judge court overruled this motion. This appeal results from that denial of attorneys' fees.

It is important to understand who the parties are on appeal. Originally, the plaintiffs consisted of five black candidates and the Sumter County Democratic Executive Committee. The defendants were the probate judge, who listed the candidates, and the white candidates certified under the resolution. After remand from this court, the Sumter County Democratic Executive Committee was dropped as a plaintiff on February 14, 1978, and the white candidates were dropped as defendants. A new probate judge was added as a defendant, although the predecessor probate judge remained a defendant. Thus, appellants are five black candidates from the 1974 election, and appellees are the 1974 probate judge and the present probate judge.

■ This court has jurisdiction. Title 42 U.S.C. § 1973c provides, in pertinent part, that any "action" dealing with the alteration of voting qualifications and procedures "shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28 and any appeal shall lie to the Supreme Court."

When, however, a three judge court dismisses a case as moot, the appeal is to the court of appeals rather than to the Supreme Court. *See, MTM, Inc. v. Baxley*, 420 U.S. 799, 95 S.Ct. 1278, 43 L.Ed.2d 636 (1975); *Rosado v. Wyman*, 395 U.S. 826, 89 S.Ct. 2134, 23 L.Ed.2d 739 (1969); *Mengelkoch v. Industrial Welfare Commission*, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215 (1968). The preceding cases reveal a trend that has been summarized as "strongly suggest[ing] that the Court is moving toward the position that a direct appeal will lie to it only when a three-judge court finds a substantial federal constitutional question, proceeds to decide it, and grants or denys an injunction." 9 J. Moore Federal Practice ¶ 110.03[3] (1975).

Appellants argue that: (1) this case is not moot; and (2) they should be awarded attorneys' fees under *Brown v. Culpepper*, 559 F.2d 274 (5th Cir. 1977), as parties who obtained practical, if not legal, relief.

■ Appellants' first contention lacks merit. The action of the Sumter County Democratic Executive Committee in not readopting the resolution, in recognizing that such resolution was not operative after the 1974 primary, and in not thereafter

submitting certification to the probate judge signed by the secretary, has made this action entirely moot.

■ Appellants are not entitled to attorneys' fees.* The sections under which appellants seek an award of attorneys' fees, § 1988 and § 1973l(e), allow the court, in its discretion, to give reasonable attorneys' fees to the prevailing party. Appellants have obtained no affirmative relief from any court since this action began. Recognizing this, appellants rely on *Brown v. Culpepper* for support of their claim that they are prevailing parties. They assert that they achieved their goal by voluntary compliance, rather than by court action.

In their brief, appellants contend that "the defendants voluntarily complied with the Plaintiffs' demand." That "demand" was that the probate judge of Sumter County not prepare any ballot which listed candidates certified under a procedure violative of 42 U.S.C. § 1973c. Although the probate judge did not certify any candidate in violation of the Voting Rights Act, it was the action of the then plaintiff, the Sumter County Democratic Committee, in not readopting the disputed resolution that caused the probate judge not to so certify. The probate judge committed no act, either voluntary or otherwise. Therefore, a then plaintiff's decision not to readopt the resolution was the only voluntary action.

*Brown v. Culpepper* demands voluntary compliance from defendants. Here, the only voluntary compliance was the voluntary action of a then plaintiff in not readopting the resolution authorizing certification of candidates by its secretary.

Accordingly, since the action is moot and appellants are not prevailing parties under either of the two applicable statutes, we affirm the three-judge order.

AFFIRMED.

---

* A recent Supreme Court decision, *Hanrahan v. Hampton*, —— U.S. ——, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980), is not contra to this holding.