**Sandra KAMONT Plaintiff**

**v.**

**Togo WEST, Jr, et al Defendants**

**No. CIV.A. 199CV570RO.**

United States District Court,
S.D. Mississippi,
Southern Division.

March 13, 2003.

David R. Daniels, the Law Office of David Daniels, Gulfport, MS, for Sandra L. Kamont, plaintiff.

Henderson Crockett Lindsey, U.S. Attorney's Office, Southern District of Mississippi, Biloxi, MS, for United States of America, defendant.

## MEMORANDUM OPINION

ROPER, United States Magistrate Judge.

This cause comes before the Court on the motion of the defendant, Togo West, Jr., former Secretary of Veterans Affairs [West] to Dismiss or in the alternative for Summary Judgment [35–1] pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows.

### Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ..." FED. R.CIV.P. 56(c). The moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Materiality connotes disputes over facts which might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, "... summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

The moving party bears the initial burden of establishing the absence of evidence to support the nonmovant's cause of action. *Hirras v. National R.R. Passenger Corp.,* 95 F.3d 396, 399 (5th Cir.1996); *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Should this burden be met by the moving party, the nonmoving party then must establish sufficient facts beyond the pleadings to show that summary judgment is inappropriate. *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir.1993). The Court examines applicable substantive law to determine which facts and issues are material. *King v. Chide,* 974 F.2d 653, 655–56 (5th Cir.1992). The nonmoving party must oppose the summary judgment motion either by referring to evidentiary material · already in the record or by submitting additional evidentiary documents which set out specific facts indicating the existence of a genuine issue for trial. FED.R.CIV.P. 56(e). If the opponent fails in his duty, after the Court has viewed the evidence in the light most favorable to the nonmovant, summary judgment is implicated. *Exxon,* 4 F.3d at 1297. Assertions unsupported by facts are insufficient to oppose a summary judgment motion. *Williams v. Weber Mgmt. Serv., Inc.,* 839 F.2d 1039, 1040 (5th Cir.1987).

### Statement of Facts

This suit filed by the plaintiff, Sandra Kamont [Kamont] against Togo D. West Jr, Former Secretary of Veterans Affairs arises under title VIII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 from a number of administrative complaints of discrimination filed with the Department of Veterans Affairs [VA]. Kamont alleges that she has been discriminated against in reprisal for prior complaints with the EEOC activity. She claims that the VA failed to accommodate a disabling physical condition, that she was not selected for promotion to a GS–5 position, and that she was downgraded to a GS–2, step 10 position. She further contends that she was harassed and intimidated into resigning her position with the Department.

Kamont began her employment with the VA on October 14, 1984 when she transferred from the United States Air Force Academy, as a File Clerk, GS –3, step 3. She was selected for a promotion to Telephone Operator, GS –4 on November 25, 1984. On April 21, 1991, plaintiff was promoted from the position of Medical Clerk/Typing, GS–4 step 7 to the position of Patient Service Assistant, GS–5, step 5. Plaintiff · was granted leave without pay from November 1,1997 to January 5,1998 and from October 16,1998 through January 28,1999, due to on the job injury or illness and she was paid under 5 U.S.C. Chapter 81. On March 23,2000, in order to place plaintiff in a position consistent with her doctor's restrictions relating to plaintiff's on the job injuries of September 17,1992 and April 30, 1998, the Agency offered plaintiff a permanent position consistent with her physician's restrictions. On April 17,2000, plaintiff was downgraded to a G–2 position with pay retained at GS–5 step 8. Plaintiff accepted the · position under protest. On October 26,2001 plaintiff voluntarily retired from that position.

This case arises from a series of administrative employment cases filed by the Plaintiff against the Defendant through the Equal Employment Opportunity Commission(EEOC). Of the six complaints filed by the Plaintiff since 1997. Plaintiff filed a formal EEOC complaint on October 1,1997 which was assigned Agency EEO Case No. 99–0673. The Final Agency Decision (FAD) was issued on July 30,1999. Plaintiff filed a formal EEOC complaint on April 1,1998 which was assigned Agency EEO Case No. 98–34387. The Final

Agency Decision (FAD) was issued on September 24,1999. Plaintiff filed a formal EEOC complaint on August 15,1998 which was assigned Agency EEO Case No. 98–3489. The Final Agency Decision (FAD) was issued on April 5,2001. Plaintiff filed a formal EEOC complaint on September 20,1999 which was assigned Agency EEO Case No. 99–2535. The Final Agency Decision (FAD) was issued on May 30,2001. Plaintiff filed a formal EEOC complaint on February 17,2001 which was assigned Agency EEO Case No. 200L–1841. The Final Agency Decision (FAD) was issued on March 18,2001. Plaintiff filed a formal EEOC complaint on October 16,200 which was assigned Agency EEO Case No. 200L–2442. The Final Agency Decision (FAD) may have just been issued this month.

Plaintiff and her husband, Joseph Kamont who was identified as her representative in each of the EEOC complaints filed a joint voluntary petition for bankruptcy under Chapter 7 on June 29,1999. In a statement of financial affairs dated and filed with the bankruptcy petition on July 13,1999, plaintiff declared under penalty of perjury that she had no suits, administrative proceedings, garnishments or attachments pending. At the time she filed her bankruptcy petition on June 29,1999, administrative complaints 99–0673, 98–3487 and 98–3489 were pending. Plaintiff and her husband, Joseph Kamont who was identified as her representative in each of the EEOC complaints filed a joint voluntary petition for bankruptcy under Chapter 7 on June 29,1999. In a statement of financial affairs dated and filed with the bankruptcy petition on July 13,1999, plaintiff declared under penalty of perjury that she had no suits, administrative proceedings, garnishments or attachments pending. At the time she filed her bankruptcy petition on June 29,1999, administrative complaints 99–0673,98–3487 and 98–3489 were pending. Prior to the discharge entered in plaintiff's bankruptcy on December 16,1999, the administrative complaint filed in Agency EEO case No. 99–2535 was pending with the Agency. It is undisputed that plaintiff never amended her petition for bankruptcy to include any of her administrative complaints of employment discrimination against the Defendant. It is undisputed that plaintiff never amended her petition for bankruptcy to include any of her administrative complaints of employment discrimination against the Defendant. The parties dispute whether or not 2000L–1841 is related to this suit. It is undisputed that the sixth claim Agency EEO case No. 200L–2442 is still pending as a right to sue letter has not been issued.

The Kamonts' schedule of assets and liabilities filed with the bankruptcy court indicates that they had total assets of $97,440.00 and total liabilities of $121,894.54. None of the bankruptcy schedules make any mention by the Plaintiff of her pending claims of employment discrimination. Defendant asserts that failure to disclose these claims in violation of bankruptcy law bars the plaintiff's claim under the doctrine judicial estoppel. Moreover, Defendant contends that the Plaintiff is not the proper party to assert these claims. At the time, she filed for Chapter 7 protection in bankruptcy court, all of the debtor's property, including causes or potential causes of action, scheduled or not, became property of the bankruptcy estate to be administered or abandoned by the bankruptcy trustee. Thus, Defendant contends that only the bankruptcy trustee can prosecute these actions.

Plaintiff admits that three of her EEOC complaints were pending at the time she filed her bankruptcy. Plaintiff contends in her sworn statement that she was suffering from work related stress and depression at the time she filed her bankruptcy

and did not actively participate in the filing other then to sign the complaints and schedules. She states that she relied on her attorney and her husband to complete the paperwork. It is undisputed that plaintiff's husband represented her during her EEOC complaints and was a joint debtor in the bankruptcy proceeding. The pending suit was filed on December 15,1999, two days after the conclusion of her bankruptcy.

Plaintiff sought compensatory and punitive damages from a federal agency of United States Government in the each of the three administrative complaints of employment which were pending at the time she filed her bankruptcy. Defendant contends that her failure to disclose the pending EEOC cases in her bankruptcy schedules and financial statements deprived the Bankruptcy Trustee of the opportunity to pursue the administrative claims or suits on behalf of the estate which could be filed only after exhaustion of her administrative remedies. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Ray v. Freeman,* 626 F.2d 439, 442 (5th Cir.1980)

Defendant further contends that the false certification by the Plaintiff and her husband in their bankruptcy proceeding took away from the Bankruptcy Trustee any opportunity to have standing to pursue the recovery of monetary damages on behalf of the estate based on those claims. Plaintiff's bankruptcy proceeding was adjudicated and discharged based on an inaccurate statement of financial affairs dated and filed on December 15,1999.

Defendant alleges contrary to Plaintiff's assertions, if the Plaintiff had properly added all potential assets of her estate in Agency EEO Case Nos. 99–0673, 98–3487, and 98–3489, as required by her bankruptcy petition, the Bankruptcy Trustee could have pursued litigation against the agency on Agency Case No. 99–0673, after the

Final Agency Decision (FAD) was issued on July 30,1999, or abandoned the claim. Moreover, the Bankruptcy Trustee could have pursued Agency Case Nos. 98–3487 and 98–3489 after the final agency decisions on those cases were issued on September 24,1999 and April 5,2001, respectively as. Defendant contends that the if these cases were disclosed as additional sources of revenue, the bankruptcy might not have been discharged on December 15,1999.

■ The Court finds in light of the Fifth Circuit's conclusions in *In the Matter of Coastal Plains, Inc,* 179 F.3d 197, 207 (5th Cir.1999) that "it goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent unliquidated claims" citing 11 U.S.C. § 521(1). The Court found that the duty to disclose was a continuing one. *Id* The Fifth Circuit held that "the debtor need not know of all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be disclosed" citing *Union Carbide Corp. v. Viskase Corp.* 183 B.R. 812, 821 n. 17 (Bankr.Ill.1995). The Court acknowledged that Courts in numerous cases have precluded debtors from pursuing claims about which the debtors had knowledge, but did not disclose, during the debtor's bankruptcy proceeding. *Id* at 208. The Court, finds that plaintiff is precluded from pursuing these claims as she filed her bankruptcy petition when administrative complaints 99–0673,98–3487 and 98–3489 were pending and never amended petition to include these claims. The Court, further, finds as plaintiff filed Agency EEO case No. 99–2535 prior to the discharge entered in plaintiff's bankruptcy on De-

cember 16,1999 and never amended her petition to include this claim, that this claim is precluded due to plaintiff's failure to disclose.

■ It is undisputed that the EEOC complaint in the Agency Case No. 200L–1841 was filed on February 17,2001 a full two and half years after Plaintiff was discharged in bankruptcy. . This administrative complaint could not have been the subject of this lawsuit filed by the Plaintiff in December of 1999. Plaintiff's August 29,2001 amendment to this suit did not include Agency Case No. 200L–1841 as one of the administrative complaints at issue on this suit. Moreover, the administrative processing of Agency Case No. 200L–1841 did not conclude until March 18,2002. Plaintiff was advised at that time that she had the right within 30 days to appeal the agency decision to the EEOC office of Federal Operations, or alternatively to file suit in federal district court within 90 days. She failed to do either. The Court does not find that the Plaintiff adequately amended her Complaint in August of 2001 to include claims which were not ripe to be sued upon until March of 2002. Moreover, the Court finds that even though Rule 15 of the Federal Rules of Civil Procedure authorizes the amendment of pleading civil cases and provides for a relation back of amendments to the date of the original pleading it does not allow the Plaintiff to amend her pleading to include new and different issues as raised in Agency Case No. 200L–1841. *Watkins v. Lujan,* 922 F.2d 261 (5th Cir.1991). Therefore, the Court finds that the claims brought in Agency Case No. 200L–1841 were never included in the pending litigation. It is undisputed that the claims presented in Agency EEOC case No. 200L–2442 are still pending before the EEOC as a right to sue letter has not been issued. Therefore these claims are clearly not a part of this suit.

■ As to plaintiff's argument concerning judicial estoppel the Fifth Circuit concluded that in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory duty to disclose is 'inadvertent' only when, in general, the debtor lacks knowledge of the undisclosed claims or has no motive for. their concealment. *Id.* at 209. It is undisputed that plaintiff and her husband, Joseph Kamont, filed a joint voluntary petition for bankruptcy under Chapter 7. As Joseph Kamont was identified as her representative in each of her complaints, both plaintiff and her husband had knowledge of the pending EEOC litigation and the bankruptcy petition. Plaintiff signed a statement of financial affairs dated and filed with the bankruptcy petition on July 13, 1999, where plaintiff declared under penalty of perjury that she had no suits, administrative proceedings, garnishments or attachments pending. The Court finds that the plaintiff's argument she did not know that these suits were not disclosed because she was suffering from work related stress and depression at the time she filed her bankruptcy and did not actively participate in the filing other then to sign the complaints and schedules does not satisfy the burden needed to prove judicial estoppel as defined by the Fifth Circuit. Mrs. Kamont has not proven that these cases were not listed due to her inadvertence as she and her husband clearly had knowledge of the pending litigation and there was an economic motive which would enable Kamont, if successful, to gain financially from this litigation. Therefore, the Court finds that all claims brought under this suit are precluded due to plaintiff's failure to disclose them in her bankruptcy petition.

### Conclusion

After due consideration of the evidence of record, the briefs of counsel, the applicable law and being otherwise fully advised

in the premises, the Court finds that the motion of the Defendant, Togo West to Dismiss or alternatively for summary judgment [35–1] on claims of the plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted. A separate order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear their respective costs in connection with this motion.