United States Court of Appeals,

Eleventh Circuit.

No. 95-3341.

Dennis L. JOHNSON, Plaintiff-Appellee,

v.

FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., a non-profit Florida corporation, Defendant-Appellant,

Pinellas County School Board, in its official capacity, Defendant.

Jan. 6, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 95-1407-CIV-T-24B), Susan C. Bucklew, Judge.

Before HATCHETT, Chief Judge, TJOFLAT, Circuit Judge, and GODBOLD, Senior Circuit Judge.

PER CURIAM:

Dennis Johnson, a student at Boca Ciega High School in Pinellas County, Florida became ineligible to participate in interscholastic football and wrestling because he had attained age 19 by August 31 of the school year. This age limit is in effect in many jurisdictions and, in Florida, is the subject of a bylaw of the Florida High School Activities Association, Inc., of which Boca Ciega High School and most other public and private secondary schools in Florida are members. Johnson sued FHSAA and the Pinellas County School Board seeking an injunction against enforcement of the 19-year rule and forbidding potential penalties against the school being penalized for allowing him to play. Johnson's claims were premised upon the Rehabilitation Act, 29 U.S.C. § 794 and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. Because of our disposition of the case we do not

need to address whether under 42 U.S.C. § 12132 FHSAA is a "public entity." The district court granted the relief sought. The Association has appealed.

It is not disputed that meanwhile the football season and wrestling season have concluded with Johnson having participated in football, and he intends no further participation in high school athletics. We agree with the decision of the Seventh Circuit in *Jordan v. Indiana High School Athletic Ass'n, Inc.,* 16 F.3d 785 (7th Cir.1994), that in this circumstance no case or controversy exists between Johnson and FHSAA. Johnson suggests that the case remains live because of the possibility that penalties might be enforced against the high school for having permitted Johnson to play pursuant to the district court's injunction. But the high school is not a party to this case. It does not appear that any penalty might be assessed against the Pinellas County School Board and, in any event, the Board did not join in the appeal to this court.

The "capable of repetition yet avoiding review" exception to mootness does not apply because it requires a reasonable expectation that the same complaining party would be subjected to the same action again, *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982), and there is no such expectation here.

The judgment of the district court is VACATED and the case is REMANDED with instructions to dismiss as moot.