[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

No. 04-14750
_____

D. C. Docket No. 03-80103 CV-DMM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2006
THOMAS K. KAHN
CLERK

T. A. WYNER,
GEORGE SIMON,

                                        Plaintiffs-Appellees,

        versus

DAVID B. STRUHS, in his official capacity as Secretary,
Florida Department of Environmental Protection,
TERENCE COULLITTE, individually and in his official
capacity as Park Manager of the John D. MacArthur Beach
State Park,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 25, 2006)

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*],
District Judge.

---

[*]Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia,
sitting by designation.

PER CURIAM:

This appeal raised the issue of whether Plaintiffs can be a "prevailing party" and awarded attorney's fees under 42 U.S.C. § 1988. Plaintiffs obtained a preliminary injunction that prevented state park officials from interfering with Plaintiffs' enactment of a nude peace symbol at a public beach. But later in the case at summary judgment, Plaintiffs lost their facial claims against the state rules that prohibited nudity at the beach and that gave park officials power to enact reasonable time, place, and manner restrictions on expressive activity. The district court denied Plaintiffs permanent relief. Defendants therefore appeal the district court's award of attorney's fees to Plaintiffs for Plaintiffs' success in obtaining the preliminary injunction.[1]

To qualify as a prevailing party, the plaintiff must obtain the primary relief sought in the case. Taylor v. City of Ft. Lauderdale, 810 F.2d 1551, 1555-56 (11th Cir. 1987). Taylor said that "a preliminary injunction on the merits, as opposed to a merely temporary order which decides no substantive issues but merely maintains the status quo, entitles one to prevailing party status and an award of

[1]Defendants' challenges to the underlying preliminary injunction are moot because the injunction was about a finite event that occurred and ended on a specific, past date. See Johnson v. Fla. High School Activities Assoc., Inc., 102 F.3d 1172 (11th Cir. 1997) (concluding challenge to injunction allowing age-ineligible high school student to play high school football was moot after the student's final football season ended).

attorney's fees." Id. at 1558. As an initial matter, we accept that the preliminary injunction in this case decided a substantive issue -- whether or not the state officials could arrest the nude peace symbol participants -- and thus was on the merits.

The more important question now is whether the district court granted the preliminary injunction based on a mistake of law. Defendants claim that the district court conducted identical legal analyses on identical facts but reached different results on the motions for preliminary and permanent injunctions. If the preliminary injunction was based on a mistake of law such that Plaintiffs "were never actually prevailing parties at all[,]" id. at 1558, then Plaintiffs are entitled to no attorney's fees. For example, in Doe v. Busbee, this Court determined that despite obtaining  preliminary and permanent injunctions and summary judgment, the plaintiffs were not prevailing parties under section 1988, because two Supreme Court decisions preexisting the award of attorney's fees countered the district court's reasoning in issuing the injunctions and prompted the injunctions and judgment to be vacated under rule 60(b). 684 F.2d 1375, 1381 (11th Cir. 1982). Therefore, the Busbee court reversed the award of attorney's fees. Id. at 1382-83.

3

In the instant case, Plaintiffs raised both as-applied and facial challenges to Fla. Admin. Code Ann. r. 62D-2.014(7)(b),[2] prohibiting nudity at the beach, and to Fla. Admin. Code Ann. r. 62D-2.014(18),[3] allowing state park officials to regulate the time, place, and manner of expressive conduct at the beach. On their as-applied challenge, Plaintiffs obtained a preliminary injunction that prohibited Florida officials from interfering with Plaintiffs' one-time enactment of a nude peace symbol at a public beach. The district court assumed for the sake of the preliminary injunction order that the rules were applied in a content-neutral manner[4] and, thus, applied the test set out in United States v. O'Brien, 88 S.Ct.

---

[2]The full text of the regulation says, "In every area of a park including bathing areas no individual shall expose the human, male or female, genitals, pubic area, the entire buttocks or female breast below the top of the nipple, with less than a fully opaque covering."

[3]The full text of the regulation says, "Free speech activities include, but are not limited to, public speaking, performances, distribution of printed material, displays, and signs. Free speech activities do not include activities for commercial purposes. Any persons engaging in such activities can determine what restrictions as to time, place, and manner may apply, in any particular situation, by contacting the park manager. Free speech activities shall not create a safety hazard or interfere with any other park visitor's enjoyment of the park's natural or cultural experience. The park manager will determine the suitability of place and manner based on park visitor use patterns and other visitor activities occurring at the time of the free speech activity."

[4]The district court said in the summary judgment hearing and wrote in the summary judgment order that the earlier preliminary injunction was based on testimony that indicated that Defendants were applying the rules in a content-based manner because the peace symbol was an anti-war protest. But, in the actual order granting the preliminary injunction, the court said it was not necessary to determine whether the rules were applied in a content-based manner, and assumed content neutrality for the purposes of the order. Although the court's statements in the later summary judgment hearing and order about the reason for the earlier preliminary injunction were incorrect, that does not mean that the preliminary injunction was based on a mistake of law.

4

1673 (1968), to evaluate the validity of the restrictions. According to the pertinent written order, the court granted the injunction because a settlement agreement from previous litigation between the parties showed a less restrictive alternative to a total ban on nudity: Plaintiffs could perform the nude peace symbol on an area of the beach that would be hidden behind a cloth screen. This approach would allow the expressive conduct, but protect the public from the offense of nudity. The Defendants' attorney conceded at the preliminary injunction hearing that this approach might be an acceptable alternative.

Later at summary judgment, Plaintiffs lost their facial challenge to Fla. Admin. Code Ann. r. 62D-2.014(7)(b).[5] Plaintiffs' attorney admitted at the hearing that Plaintiffs and other participants had not remained behind the cloth screen during the nude peace symbol demonstration, and a fair reading of the record shows that Plaintiffs had no intention of remaining behind a cloth screen or other barriers during future nude expressive works. In the summary judgment order, the district court again applied the O'Brien test but -- based on these new developments -- said a total ban on nudity was no greater than was essential to further the government's interest in protecting the public from the offense of

---

[5]Plaintiffs also lost their facial challenge to Rule 62D-2.014(18), because it gave the park manager discretion only about the time, place, and manner of free speech activities, not discretion to prevent free speech activities.

nudity, because "Park authorities were . . . unable to ensure that those engaged in the expressive conduct stayed behind the screen."[6] The court did award attorney's fees to Plaintiffs for the work they expended obtaining the preliminary injunction, however.

We have reviewed the record for abuse of discretion and conclude that no reversible error occurred. Although in both orders, the district court applied the O'Brien test, in the summary judgment order the court relied on new facts presented at the summary judgment hearing which demonstrated that the less restrictive alternative was not sufficient to protect the government's interest.[7] Thus Plaintiffs did not earlier obtain the preliminary injunction based on a mistake of law.

---

[6] We recognize that at the preliminary injunction hearing, one of the plaintiffs mentioned that on another occasion a few years earlier, not all the participants in a nude expressive work had remained behind the provided cloth screen because participants thought they had "already clarified [with Park officials] that the screen had a chilling effect." This circumstance does not change our analysis, however, because it did not express that Plaintiffs had decided to dishonor the settlement agreement and would refuse to remain behind a cloth screen if one were set up for the nude peace symbol. In addition, Defendants conceded at that hearing that the cloth screen might be sufficient to protect Defendants' interests.

[7] This result may also be viewed through the lens of the different standards for preliminary and permanent injunctions: although Plaintiffs were able to show a substantial likelihood of success at the preliminary injunction stage, they were unable to achieve actual success on the merits at the permanent injunction stage because of their intervening failure to abide by the less restrictive alternative.

Plaintiffs are entitled to prevailing party status and attorney's fees because the court granted the preliminary injunction on the merits and Plaintiffs obtained the primary relief they sought. Taylor v. Ft. Lauderdale, 810 F.2d at 1555-56, 1558. The district court properly limited the fee award to the degree of Plaintiffs' success. See Hensley v. Eckerhart, 103 S.Ct. 1933, 1941 (1983) (saying degree of success is the most important factor in determining amount of attorney's fees).

AFFIRMED.